**SWIFT & CO. v. YOUNG.**

No. 4528.

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1939.

L. R. Varser, of Lumberton, N. C. (R. A. McIntyre and O. L. Henry, both of Lumberton, N. C., on the brief), for appellant.

Neill McK. Salmon, of Lillington, N. C. (J. R. Young, of Dunn, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for plaintiff in an automobile collision case. The points raised relate to the submission of the doctrine of last clear chance in the charge of the court to the jury, and to alleged errors in the admission and rejection of testimony. The only point raised by appellant which merits discussion is that which relates to charging the jury on the doctrine of last clear chance.

The evidence shows that plaintiff was driving her automobile on a trip from Dunn, N. C. to Wilmington, N. C., when she was in collision with a truck of defendant coming from the opposite direction about thirty-five miles from Wilmington. There was evidence for plaintiff to the effect that she was driving in a prudent manner on the proper side of the highway when she observed the truck of defendant approaching her at an excessive rate of speed; that she brought her car to a complete stop before reaching a bridge which she was approaching, because of the danger created by the approaching truck; and that the truck came across the bridge in the center of the highway at an excessive rate of speed and crashed into her automobile and seriously injured her. The driver of the truck, on the other hand, testified that he was driving on his own side of the road at a speed of only 30 or 35 miles an hour; that plaintiff was approaching him at an excessive rate of speed and her car was skidding as she approached the bridge; and that the collision resulted from her car skidding across the road in front of his truck. On cross examination, he stated that he could have stopped his truck within thirty feet; that he saw plaintiff's car skid crosswise of the road fifty steps ahead of him and that he did not stop because he thought he could "get through". After charging the jury on the ordinary aspects of negligence and contributory negligence presented by the evidence, the court presented the last clear chance doctrine as follows: "I charge you that if the jury should be of the opinion from the evidence that the plaintiff was coming along the highway at 75 miles an hour (or 60 miles or 65) and that by reason of such excessive speed she lost temporary control of her car

and it skidded across the highway, as the defendant contends it did, even then the plaintiff can recover if the defendant saw the situation in ample time to have avoided it if he had sought to do so. In other words, just because a car is standing still across the highway there is no legal justification for somebody to come along and run into it and knock it out of the way."

Counsel for defendant excepted to this portion of the charge on the ground that no basis had been laid in the pleadings for application of the last clear chance doctrine and further stated: "But we submit that even if the application of the doctrine of the last clear chance should be permitted the defendant was required to exercise only due care in respect to the imminence of any danger in the emergency that had arisen and that if he exercised due care in following his best judgment, although the judgment may have been correct or may have been wrong, that was the limit and the measure of his duty." The court accepted this statement of counsel as correct and charged the jury accordingly.

■■ There can be no question but that the evidence presented a case for the application of the last clear chance doctrine, if the testimony of the truck driver on cross examination as to the position of the cars, was accepted, and the jury believed that he failed to exercise reasonable care to avoid the accident after discovering the helpless position of plaintiff. Newbern v. Leary, 215 N.C. 134, 1 S.E.2d 384, 389. And we see no ground for the contention that sufficient basis was not laid in the pleadings for the application of the doctrine. Negligence was alleged with respect to "failing to keep a proper lookout in the direction of travel, or danger reasonably to be apprehended, and to observe the conditions of the road and the traffic thereon" and "in failing to take * * * any reasonable precaution to avoid a collision with plaintiff's automobile"; and plaintiff's injuries were alleged to have resulted from these acts of negligence as well as from other negligence alleged.

■ The last clear chance doctrine is but one of the rules of law applied in determining whose negligence is to be deemed the proximate cause of an injury complained of; and there would seem to be no occasion for pleading it where the negligence of the defendant relied on for the application of the doctrine is pleaded as the proximate cause of the injury. We are cited to a dictum to the contrary in a North Carolina decision; but in matters of pleading we are governed no longer by the state practice, but by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Certainly the complaint here was sufficient under Rule 8 to justify submitting the evidence to the jury under a charge on the last clear chance doctrine. (See illustrative form 9 in appendix to rules). And if not sufficient, it could be amended to conform it to the evidence, even after judgment. Rule 15(b).

We have carefully examined the evidentiary points relied on by appellant; but, as heretofore stated, none of them is sufficiently meritorious to justify discussion. There was no error and the judgment appealed from will be affirmed.

Affirmed.