165 P.2d 129

**GEORGE v. JENSEN.**
No. 4907.

Supreme Court of New Mexico.
Jan. 11, 1946.

Frazier & Quantius, of Roswell, for appellant.

D. D. Archer, of Artesia, for appellee.

SADLER, Justice.

The plaintiff complains before us of a judgment denying him damages for injuries to his automobile suffered in a collision with an automobile belonging to the defendant below. The trial was to the court which made specific findings and conclusions upon which it based its judgment. The findings will be briefly summarized.

On the night of June 23, 1944, the plaintiff was driving in a southerly direction on the paved highway between Roswell and Artesia when, at a point near Lake Arthur, he came upon one G. L. Beene whose car was parked on the highway with a flat tire which he was unable to change by reason of physical infirmities. The plaintiff brought his car to a stop to the rear of the Beene car with about one-half of the car on and the other half off the paving but with the lights left burning in order to provide light for the tire change. Both the front and rear lights of the Beene car as well as those on plaintiff's car were burning and there was also a rear reflector on the plaintiff's car. The ground to the right of where the two cars were parked was approximately level paralleling the paving and there was nothing to prevent the two drivers from moving their cars off the paving where they would not have endangered traffic moving southerly along the highway.

Shortly after the plaintiff had brought his car to a stop, as already explained, the defendant drove down the highway in a southerly direction and at a reasonable rate of speed. Another car was approaching from the south, traveling in a northerly direction along the highway at this time, causing the defendant to dim the lights of his car before arriving at the point where the other two cars were parked. The driver of the northbound car, however, failed to dim the lights of his car in response to the dimming by defendant with the result that the glare from the headlights of this northbound car so blinded the defendant that he did not see the Beene car and that of plaintiff parked directly in his line of traffic in time to stop without striking the plaintiff's car. The defendant did not observe the two cars of Beene and the plaintiff until Beene whistled an alarm and had defendant then turned out to pass the parked cars, he would have been in the lane of traffic of the car approaching from the south and in serious danger of colliding with it.

The trial court described in its findings the proximately concurring causes which combined to bring about the accident, as follows:

"The act of the plaintiff in parking his automobile partially on the paved portion of the highway when there was suitable ground for parking off the highway and where he could still have placed his lights in a manner to assist in making the tire change.

"In the failure of the defendant to stop or slow down his automobile when he was blinded by the lights of the approaching car from the south, which the Court finds he had ample time and space to do."

The defendant first observed the plaintiff's car and applied his brakes when some 60 feet north of it—a pick-up truck—and ran into the rear of it. His car then swung to the left and continued down the highway a short distance before coming to a stop, the defendant himself being dazed by injuries received and having lost control of the car from the moment of impact. Damages to the plaintiff's car from the collision were fixed at $400, the defendant suffering damages to his car in the sum of $265 and on account of injuries received in the sum of $50.

The trial court drew the following conclusions from the foregoing facts, to-wit:

"A. That the plaintiff was guilty of negligence and contributory negligence in leaving his parked automobile on the paved portion of the highway.

"B. That the defendant was guilty of negligence in failing to stop or to slow down his car when he was blinded by the lights of the approaching car from the south.

"C. That each of the parties was guilty of contributory negligence which proximately caused the collision resulting in the injuries and damage.

"D. That the plaintiff having pleaded and introduced evidence showing contribu-

-tory negligence on his part, and the defendant having pleaded negligence on the part of the plaintiff, that the defendant in this case may avail himself of the doctrine of contributory negligence, notwithstanding his failure to make a specific plea of contributory negligence.

"E. That the complaint and cross-complaint should each be dismissed and that the parties should bear their respective costs.

Judgment was entered accordingly that the plaintiff take nothing by his complaint and the defendant nothing by his cross-complaint. The plaintiff prosecutes this appeal. The defendant seemingly is content to abide the judgment since he took no cross-appeal. The plaintiff presents three alleged errors, the first being that the court erred in permitting defendant to avail himself of the defense of contributory negligence on plaintiff's part in the absence of a special plea raising the issue.

■ The trial court did not err in holding defendant could rely upon the defense of contributory negligence, even though he had not affirmatively raised the issue by a special plea. The complaint filed by the plaintiff disclosed his own negligence in failing to remove his car from the paved portion of the highway when he came upon the disabled car and sought to plead facts in mitigation. See Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382. No doubt it is this admission of negligence on his own part which explains the plea of "last clear chance", also to be found in the complaint.

Furthermore, the issue whether the plaintiff's negligence in leaving his car parked on the highway had contributed as a substantial factor in bringing about the injuries complained of was raised by repeated questions asked witnesses during the course of the trial without objection by plaintiff. While it might be urged that these questions were pertinent to the allegations of plaintiff's primary negligence as the cause of the accident found in defendant's cross-complaint, they were equally responsive to the admission of negligence found in the complaint along with other allegations whose effect was to disclaim that such negligence caused or contributed proximately to bring about the injuries sought to be redressed.

■ A rule of civil procedure in effect when this case was tried provides: "Amendments To Conform To The Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.*" (Emphasis ours). 1941 Comp. 19-101, (rule 15(b).

This rule, although derived from Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,

and identical therewith, is but declaratory of a rule long obtaining in this jurisdiction that absence of a pleading to support the proof is waived when a party litigates the issue without objection. Canavan v. Canavan, 17 N.M. 503, 131·P. 493, Ann.Cas.1915B, 1064; Jackson v. Gallegos, 38 N.M. 211, 30 P.2d 718, 719.

Although objecting in his exceptions to certain conclusions of law upon the ground that contributory negligence was unavailable to defendant because not pleaded, other exceptions of the plaintiff to both findings and conclusions are couched in language obviously presupposing the presence of that defense as an issue in the case. There is respectable authority among the jurisdictions holding contributory negligence an affirmative defense to be specially pleaded which establishes an exception and permits proof on the issue under a general denial where contributory negligence of the plaintiff appears indisputably from the plaintiff's complaint as in this case. 38 Am.Jur. 966, § 278 under "Negligence"; 33 L.R.A.,N.S., 1205 case note; Ross v. Kansas City Public Service Co., 151 Kan. 132, 98 P.2d 153. We definitely hold in this state that contributory negligence calls for a special plea. Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214. We do not hold the plea cannot be waived by litigating the issue in the absence of a plea. Nor is it necessary here to determine whether, if the complaint discloses contributory negligence on plaintiff's part, waiver of a plea results. The first claim of error is without merit.

It is next urged that the court erred in declining to hold the defendant had the last clear chance to avoid a collision and that his negligence thus became the proximate cause of the collision. It will be recalled the court's finding was that the negligence of both parties combined or concurred to cause the damages suffered by each. This alone eliminates as *the* proximate cause of the collision any negligence on defendant's part in failing to use due care in the face of discovered peril and together with the court's finding that the plaintiff's peril was not discovered by defendant until too late to avoid striking his car, completely removes "last clear chance" as an issue in the case. Where the facts are in dispute, the question is one for the fact finder. 38 Am. Jur. 1056, Sec. 349 "Negligence." Peters v. Johnson, 124 Or. 237, 264 P. 459. Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 128 A.L.R. 1101.

Finally, the plaintiff under his third point groups the third, fourth and fifth assignments of error, reading:

"3. The Court erred by denying Appellant's Requested Finding No. 2, as follows: 2. That at said time and place there was in excess of fifteen feet of the paved portion of the highway open to traffic, and the vehicles as they stood there were in unobstructed view of both northbound and southbound traffic for a distance of not less than one-fourth of a mile."

"4. The Court erred by adopting its Conclusions of Law A and C, as follows:

"A. That the plaintiff was guilty of negligence and contributory negligence in leaving his parked automobile on the paved portion of the highway.

"C. That each of the parties was guilty of contributory negligence which proximately caused the collision resulting in the injuries and damage."

"5. The Court erred by making its Finding of Fact 7 (a) as follows: (a) The act of the plaintiff in parking his automobile partially on the paved portion of the highway when there was suitable ground for parking off the highway and where he could still have placed his lights in a manner to assist in making the tire change."

After referring to the Statute, 1941 Comp. § 68-523, which he admits and the court found he had violated by leaving his car parked on the paving to aid another motorist, the plaintiff states and inquires: "The question before this court is simply this: Shall the "Good Samaritan" be penalized for stopping and gratuitously rendering assistance to a disabled man, who is unable to complete a change of wheel?"

The argument under this third point is simply a disagreement with the trial court's finding of contributory negligence on the plaintiff's part. But the finding is well supported in the evidence. According to the trial court's findings, the plaintiff was negligent in leaving his car parked on the paved portion of the highway while assisting a fellow traveler to change a tire, especially in view of the fact that suitable ground off the paving was available from which he still might have placed the car in a position to furnish light while at work. The defendant was negligent in failing to stop his car or slow it down when he became blinded by the lights of the car approaching from the south, while still having time and space to do so. Whether the one or the other negligent act was the sole cause of the collision or whether both concurred to cause it, obviously was a matter for the fact finder—in this case the court. Restatement of the Law of Torts, § 434; Jordan v. Great Western Motorways, 213 Cal. 606, 2 P.2d 786; Stasulat v. Pacific Gas & Electric Co., 8 Cal.2d 631, 67 P.2d 678; Peters v. Johnson, 124 Or. 237, 264 P. 459; Schwind v. Gibson, 220 Iowa 377, 260 N.W. 853; Lavenstein v. Maile, 146 Va. 789, 132 S.E. 844. We often have held that the question whether plaintiff has been contributorily negligent ordinarily is one for the jury. Thompson v. Albuquerque Traction Co., 15 N.M. 407, 110 P. 552; Mayfield v. Crowdus, 38 N.M. 471, 35 P.2d 291; Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585. The question resolved clearly was one for determination by the fact finder and the court did not err in so ruling.

Finding no error, the judgment of the trial court is correct and should be affirmed.

It is so ordered.

MABRY, C. J., and BICKLEY, BRICE, and LUJAN, JJ., concur.