## TREBUHS REALTY CO., Inc. et al. v. NEWS SYNDICATE CO., Inc. et al.

United States District Court
S. D. New York.
Nov. 23, 1951.

Klein & Weir, New York City, for plaintiffs.

Townley, Updike & Carter, New York City, for defendant News Syndicate Co., Inc. Stuart N. Updike, New York City, of counsel.

Lord, Day & Lord, New York City, for defendant New York Times Co. Thomas F. Daly, New York City, of counsel.

Brown, Cross & Hamilton, New York City, for defendant New York Herald Tribune, Inc. E. Douglas Hamilton, New York City, of counsel.

McCauley & Henry, New York City, for defendant Hearst Corp. and New York Journal—American Dept.—Hearst Consolidated Publications, Inc. James Carroll, New York City, of counsel.

M. Marvin Berger, New York City, for defendant New York Post Co.

De Witt, Van Aken & Nast, New York City, for defendant New York World-Telegram Corp. Thomas Diskin, New York City, of counsel.

SUGARMAN, District Judge.

Plaintiffs (eight corporations operating fifteen "legitimate theatres" in the City of New York) seek to restrain the alleged violation by defendants (publishers of seven leading newspapers in the City of New York) of § 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1, and §§ 4 and 16 of the Clayton Anti-Trust Act, 15 U.S.C.A. §§ 15 and 26. All defendants, relying in their briefs on Rules 10(b) and 12(e), Fed.Rules Civ.Proc. 28 U.S.C.A. meet the complaint by a joint motion "to compel separate statements of claims".

A pleading should contain a short and plain statement of the claim [1], and be simple, concise and direct [2]. A complaint which meets these requirements is sufficient except where it " * * * is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * * "[3].

Under the Federal Rules of Civil Procedure, the function of a complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved [4].

The instant complaint meets that test. It states in essence that the defendants have conspired, in violation of the anti-trust statutes, to deny the plaintiffs as theatre *operators* the advantages, accorded to others who *produce* plays, of a scale of rates which becomes lower as the volume of amusement advertising increases. It gives to the defendants fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved.

Ample instrumentalities are afforded the defendants under Part V, F.R.Civ.P., to inform themselves in greater detail concerning the allegations of the complaint.[5]

---

1. F.R.Civ.P. rule 8(a).

2. F.R.Civ.P. rule 8(e).

3. F.R.Civ.P. rule 12(e).

4. Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631, at 635.

5. Scervini v. Miles Laboratories, Inc., D. C.S.D.N.Y.1951, 11 F.R.D. 542.

112

In arriving at this determination, the complaint alone was considered and no attention given to the affidavit of Lee Shubert, submitted in opposition to the motion.

Motion denied.