321 P.2d 640

Glenn M. JOHNSON and Faye Pursley Johnson, his wife, Plaintiffs-Appellants and Counter-Defendants, Cross-Appellees,

v.

CITIZENS CASUALTY COMPANY OF NEW YORK and Bygel G M C Truck and Tractor Company, a Corporation, Defendants-Appellees and Counter-Claimants, Cross-Appellants.

No. 6263.

Supreme Court of New Mexico.

Feb. 4, 1958.

· Robert Hoath LaFollette, Albuquerque, for appellants.

Gilbert, White & Gilbert, Santa Fe, for appellees.

LUJAN, Chief Justice.

The plaintiffs claim: That on April 13, 1953, the plaintiff, Glenn M. Johnson, had a collision with his Mack truck, thereby damaging the engine, undercarriage and other parts to the extent and degree that the same was inoperatable; that the defendant, Casualty Citizens Company of New York, insured plaintiffs for collision and upset in the sum of $14,000, less $250 deductible, covering their Mack truck; that said insurance company, through its agent, Homer D. Bray, caused the same to be delivered to the defendant, Bygel GMC Truck & Tractor Company, a corporation, for repairs; that plaintiff, Glenn M. Johnson, on said occasion informed and advised said insurance company that the Bygel Company, in his opinion was not equipped nor had the necessary skill or knowledge to repair said Mack truck; that notwithstanding said protest the same was nevertheless delivered to the Bygel Company for repairs; that the Bygel Company undertook to repair said truck and warranted that the same would be repaired and redelivered to plaintiffs within a reasonable time in good operating condition; that the Bygel Company by its inability and negligence did not properly repair said truck whereby the same could be utilized; that as a proximate result of said negligence plaintiffs have been damaged; that Bygel Company breached their contract of warranty by failure to complete repairs within a rea-

**462**

sonable time and to return said truck in a good mechanical condition. Plaintiffs further claim that the defendant, Citizens Casualty Company, also breached their contract of insurance by failure to authorize and to pay for repairs reasonably necessary to replace the truck in good mechanical condition.

The defendants denied plaintiffs' claim, except, the Citizens Casualty Company admits that it issued to the plaintiffs a policy of insurance under which it assumed the obligations specified therein, and that it delivered to the Bygel Company said truck for the making of certain specified repairs and that the said Bygel Company undertook to make the repairs which were specified. The Citizens Casualty Company counterclaimed and alleged: "That on or about the 6th day of June, 1953, the counterdefendant, G. M. Johnson, for a valuable consideration, made, executed and delivered to this counterclaimant his promissory note in the principal sum of $733.00, payable seven months after date. That said note was due and payable and prayed judgment therefor."

The cause came on for trial to a jury on June 13, 1955, which resulted in a verdict in favor of the plaintiffs. Thereafter, and on October 18, 1955, on motion made by the defendants, the district court disapproved, vacated and set aside the verdict of the jury and granted defendants a new trial.

On February 21, 1956, after the first trial had been held and a new trial ordered a pre-trial conference order was made and entered by Judge McManus, as follows:

"3. With respect to the proper measure of damages in this case, the Court expressed its opinion on the basis of the evidence adduced at the prior trial, and It Is Now Ordered:

"(a) No question of damages involving alleged loss of use, possession or ownership of the truck tractor combination not involved in the accident will be submitted to the jury.

"(b) * * *. The Court will rule, however, and It Is Ordered, that if damages for loss of equipment be allowed, only the Mack tractor involved in the collision will be considered; that if loss of use or profits or either should be allowed, it will only be such as may be shown by the evidence respecting the use of the said Mack tractor, plus the appurtenant trailer, to the extent only that it is shown to have been substantially impossible for plaintiff to use it on account of the damage to the said tractor; and that in any event, loss of use or profits or loss of equipment value will not both be allowed."

This order was endorsed by counsel for plaintiffs as follows: "Submitted: W. Peter McAtee." No objections or exceptions were interposed to the making and

entering of this order, hence it became the law of the case.

■ The correctness of Judge McManus' pre-trial order is not before us for review, since neither the evidence on the previous trial which was considered by him in connection with the making and entering the same, nor the proceedings on the pre-trial conference are included in the transcript upon this appeal. See, Carroll v. Bunt, 50 N.M. 127, 172 P.2d 116.

In settling the bill of exceptions, Judge Reidy certified:

"That the record on appeal in this cause *does not include* the testimony of the first trial of this cause, * * * nor any of the testimony or arguments of the attorneys at the pre-trial conference held before Judge McManus."

On November 8, 1956, a pre-trial conference was held before Judge Robert W. Reidy.

"The Court: Mr. McAtee, before proceeding to the trial of this cause and on the basis of the Order on Pre-Trial Conference filed in this cause on February 24th, 1956, Judge McManus has ruled that you must make your election as to the basis upon which you wish to obtain your damages. Do you at this time elect to submit the damages for the loss of equipment only, or for the loss of use or profits?"

Counsel for plaintiffs did not then and there move to modify or revoke Judge McManus' order but interposed the following objection:

"Mr. McAtee: If the Court please, I object to having to be called upon at this time to make an election; and if I have no other alternative but to make an election at this time, I elect to proceed on the theory of the loss of the equipment. I further object, Your Honor, to the ruling of the Court that I am confined to only the loss of the tractor and not the trailer combination that goes with the tractor which is an essential ingredient and is a part of the tractor in the operation of this particular piece of equipment involved."

* * * * * *

"The Court: Well, Judge McManus has already ruled in this case that only the Mack tractor involved in the collision will be considered, and that being the law of the case, I am bound by it and your objections, Mr. McAtee, are overruled."

The decisive question before this court for decision is whether Judge Reidy committed error in ruling that he was bound by the pre-trial order made and entered by Judge McManus, as being the law of the case. Plaintiffs-appellants contend this was error, defendants-appellees contend otherwise.

■ Our Rule of Civil Procedure No. 16 was framed upon Federal Rule of Civil Procedure 16, 28 U.S.C.A. Each rule states that one of the objectives is the simplification of the issues. The purpose of the pretrial conference is to simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial. It provides that the pre-trial order should control the subsequent cause of action, unless modified at the trial to prevent manifest injustice.

■ We are of opinion, and so hold that since Judge McManus' pre-trial order was made and entered without any objections or exceptions thereto, and thereafter no motion having been made to modify the same, the course of trial was controlled by the issues framed in the original order; it became the law of the case and Judge Reidy was bound thereby. In McCarthy v. Lerner Stores Corporation, D.C., 9 F.R.D. 31, Judge Holtzoff, speaking for the court said, and we quote with approval:

"One of the chief purposes of pretrial procedure, and the principal usefulness of a pretrial order, is to formulate the issues to be litigated at the trial. The parties are bound by the pretrial order. They may not later inject. an issue not raised at the pretrial conference. Otherwise the primary objective of pretrial procedure would be defeated.

"It is assumed by the Court that at the pretrial counsel are as thoroughly familiar with the case—making as complete a disclosure as they would at the trial, and being as completely prepared —as they will be at the trial. This is an unavoidable and inexorable duty that the existing Federal practice imposes on members of the bar. To say that parties are not bound by the pretrial order is a misunderstanding of the purpose and the office of pretrial.

"No doubt situations may occasionally arise in which counsel discovers some vital new matter, after pretrial and before the trial. The pretrial order may then be amended to include the new issue. Application may be made to the Pretrial Court to amend the pretrial order.

"If counsel waits until the trial, he is bound by the pretrial order, unless the trial court relieves him of the pretrial order to prevent manifest injustice. Of course, it is contemplated that this will be done only in exceptional cases, as otherwise the adverse party may be taken by surprise and in a proper case may become entitled to a continuance and possibly a mistrial, if the case is tried before a jury."

See, also, United States v. Wood, D.C., 61 F.Supp. 175; Montgomery Ward & Company v. Northern Pacific Terminal Company, D.C., 128 F.Supp. 520; Owen v.

Schwartz, 85 U.S.App.D.C. 302, 177 F.2d 641, 14 A.L.R.2d 1337.

Appellants have assigned other points for reversal of this case, but because of that which has been said, it is unnecessary to discuss those propositions.

The judgment of the district court should be affirmed.

It is so ordered.

McGHEE, COMPTON and KIKER, JJ., concur.

SADLER, J., not participating