Charles C. **HARBIN** and Patricia A. Harbin, Appellants,

v.

**ASSURANCE COMPANY OF AMERICA,** a corporation, Appellee.

No. 6988.

United States Court of Appeals Tenth Circuit.

Aug. 30, 1962.

Charles C. Spann, Albuquerque, N. M. (Grantham, Spann & Sanchez, Albuquerque, N. M., on the brief), for appellants.

John D. Robb, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this declaratory judgment action brought by appellee Assurance Company of America (insurer) the question is whether the insurer is obligated to defend an action brought against appellants (insureds) to recover damages for an assault. The trial court held for the insurer on the ground that the policy afforded no coverage. This appeal followed. Jurisdiction is based on diversity.

Insurer issued to insureds a policy providing personal liability coverage whereby the insurer agreed to pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person." The policy required the insurer to "defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even

if such suit is groundless, false or fraudulent; but this company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient." Specifically excluded from policy coverage was "injury * * * caused intentionally by or at the direction of the insured."

Wiley Day, as plaintiff, filed suit in a New Mexico state court alleging that Charles C. Harbin, one of the insureds, "did wilfully, maliciously and wrongfully assault, strike and beat Plaintiff with great force and violence," and seeking both compensatory and exemplary damages. Insurer then brought this action in federal court for a declaratory judgment that the Day claim was beyond the policy coverage. Thereafter in the state action a third-party complaint was filed by the insureds against the insurer asserting policy coverage. Day, on motion of the insureds, was joined as a defendant in the federal case and, in that case, the insureds asserted by counterclaim the liability of the insurer. The trial court granted insurer's motion for summary judgment.

The insurer says that it is not required to defend the state suit because the complaint therein alleges an intentional injury. The insureds assert that the obligation to defend is not determined by the allegations of the complaint, that the insurer was under a duty to investigate, and that if it had investigated it would have found that the conduct was not intentional.

The type of situation presented here places an insurer in a dilemma of conflicting interests. It cannot possibly defend the state court action and protect both its own interests and the interests of its insureds.[1] If it tries to exculpate itself by showing an intentional injury, it exposes the insured to a greater liability and a possible award of exemplary damages. If it urges an unintentional injury, it foregoes the exclusionary provision of the policy. In such circumstances the control of the defense by the insurer carries with it the potential of prejudice to the insureds and the assumption of such control without a reservation of the right to deny liability would have obligated the insurer to pay within the policy limits if the plaintiff should succeed.[2]

The insureds say that this circuit has adopted the rule that the obligation of an insurer to defend is determined by the actual facts brought to the attention of the insurer rather than the pertinent allegations of a complaint and they cite Hardware Mut. Casualty Co. v. Hilderbrandt, 10 Cir., 119 F.2d 291; American Motorists Insurance Company v. Southwestern Greyhound Lines, Inc., 10 Cir., 283 F.2d 648; and Albuquerque Gravel Products Company v. American Employers Insurance Company, 10 Cir., 282 F.2d 218. These cases are not controlling because in each the action sought to impose liability on the insurer after the facts had been established and in two of them the established facts were contrary to the complaint allegations. In the case at bar we meet the question on the threshold before the facts are established.

The insurer's liability depends on whether the injury was caused intentionally by the insured. The difficulty in the ascertainment of a state of mind needs no amplification. Reasonable men may understandingly differ as to the intent of another because they may draw conflicting inferences from physical facts. For this reason the argument that the insurer should have conducted an investigation and relied on the results thereof does not persuade us. Intent is to be determined, not by the insurer's investi-

1. Cf. Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793, 801, certiorari denied, Beverage v. Farm Bureau Mut. Ins. Co., 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339; Stout v. Grain Dealers Mutual Insurance Company, D.C. N.Car., 201 F.Supp. 647, 649.

2. General Tire Co. of Minneapolis v. Standard Acc. Ins. Co., 8 Cir., 65 F.2d 237, 240; Claverie v. American Casualty Co. of Reading, Pa., 4 Cir., 76 F.2d 570, 572, certiorari denied, 296 U.S. 590, 56 S.Ct. 102, 80 L.Ed. 417; and annotations in 81 A.L.R. 1326 and 38 A.L.R.2d 1148.

gators, but by the finder of the facts in the lawsuit brought by the claimant of the injuries.

The rights of the parties are fixed by the terms of the policy.[3] The policy required the insurer to defend a suit "alleging" an injury for which the policy permits recovery. The record before us shows that in the state court action judgment is sought for injuries resulting from an intentional assault. The policy imposes no liability on the insurer for such injuries.

Additionally, the court should not force the insurer into the conflict of interests position which will result if defense of the state action is required. The ultimate question of the insurer's liability is not now before us as it was in Tenth Circuit cases on which the insureds rely. If it should be determined that the injuries for which the plaintiff seeks recovery in the state action were covered by the policy and not within its exclusionary provisions, the insurer is liable to the insureds under the policy.

▮ That portion of the judgment below declaring that the policy does not cover "the matters alleged in the Complaint" in the state action is subject to the interpretation that in no event is the insurer liable because of the claim there asserted. This ignores the possibility that the claim may ultimately be established to be within policy coverage. While at the moment we cannot conceive of an unintentional assault, the possibility remains that a judgment may ultimately be entered in the state action imposing liability on the basis of unintentional conduct of the insured. Under the Federal Rules of Civil Procedure the dimensions of a lawsuit are not determined by the pleadings[4] because the pleadings are not a rigid and unchangeable blueprint of the rights of the parties.[5] The Rules of Civil Procedure for the District Courts of New Mexico[6] are derived from the Federal Rules and in all respects pertinent hereto are identical with the Federal Rules. The decisions in Johnson v. Citizens Casualty Company of New York, 63 N.M. 460, 321 P.2d 640, 643, and State ex rel. Gary v. Fireman's Fund Indemnity Company, 67 N.M. 360, 355 P.2d 291, 295, convince us that the functions of the pleadings in New Mexico are the same as under the federal system, that the pleadings are not determinative of the issues, and that recovery may be had on grounds not asserted in the complaint. The possibility that recovery in the state court action may be within the policy coverage cannot be ignored.

Accordingly, paragraph 2 of the judgment of the court below is modified so as to declare that the plaintiff insurer is not obligated at this time to defend action No. 87242 in the District Court of Bernalillo County, New Mexico, brought by Wiley Day against Charles C. Harbin, and to declare that the judgment entered herein is not determinative of the question of insurer's liability under the policy in the event the facts as established are that the injuries asserted by Day come within policy coverage.

As so modified the judgment is affirmed. No costs are allowed to either party.

---

3. Albuquerque Gravel Products Company v. American Employers Insurance Company, supra, 282 F.2d p. 220.

4. In Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451, it was said that: "The various instruments of discovery now serve * * * as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, * * *."

5. Blazer v. Black, 10 Cir., 196 F.2d 139, 144, points out that: " * * * the only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."

6. See N.M.Stat.1953 § 21–1–1(1) et seq.