318

PLATEAU, INC., a corporation,
Plaintiff-Appellee,

v.

S. E. WARREN, an individual, and Home Oil
Company, a corporation, De-
fendants-Appellants.

No. 8715.

Supreme Court of New Mexico.

June 9, 1969.

Edwin L. Felter, Santa Fe, for appel-
lants.

Burr & Cooley, Farmington, for appel-
lee.

## OPINION

COMPTON, Justice.

The question presented is whether evi-
dence to the effect that a written contract
between the parties had been terminated by
a subsequent agreement of the parties was
erroneously admitted as being outside the
scope of the pleadings.

Plaintiff brought suit on a promissory
note and an open account. Judgment was
awarded thereon, and no appeal has been
taken therefrom. By way of counterclaim
the defendants asserted a written contract
between the parties under which they
claimed a substantial amount in excess of
the amount due the plaintiff. The written
contract provided that the plaintiff was to
sell to the defendants all of the petroleum
required by the defendants for resale to
Clark Oil Company, to accept assignments
from the defendants of their invoices
against Clark Oil Company, and to credit
the amount of such assigned invoices
against defendants' account with plaintiff.
Defendants allege in their counterclaim
that they assigned to plaintiff invoices for
sales of gasoline to Clark Oil Company
greatly in excess of $100,000.00; and that
the plaintiff in violation of the terms of
the written agreement fraudulently charged
to and collected from defendants' invoices
for sales of gasoline to Clark Oil Company
that were assigned to plaintiff in the
amount of $64,367.75. Judgment was
sought for this amount and additional
amounts on different counts. In its an-
swer to the counterclaim, the plaintiff de-
nied the existence of the written contract
and alleged that it had been terminated by
mutual agreement of the parties.

At the trial the plaintiff introduced evi-
dence of a subsequent oral agreement be-
tween the parties to the effect that the
written contract had been terminated and
that the defendants were to accept return
of all unpaid Clark Oil Company invoices.
The objection interposed to the evidence of
an oral agreement was that this evidence

asserted an affirmative defense and that this defense had not been specifically pleaded as required by § 21–1–1(8) (c), N. M.S.A.1953, being Rule 8(c), our Rules of Civil Procedure. The trial court overruled the defendants' objection and the ruling of the court is the basis of the defendants' appeal.

While matters constituting an avoidance or an affirmative defense must be specifically pleaded, Rule 8(c), § 21–1–1(8) (c), N.M.S.A.1953, we think there was substantial compliance with the rule. See 1A Barron & Holtzoff, Federal Practice & Procedure, §§ 279, 283. The plaintiff's answer specifically states that "said contract was terminated by mutual agreement of the parties." Also, the pretrial order contains a statement that the plaintiff was contending that the written contract had been terminated by mutual agreement of the parties. Compare Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938; Johnson v. Citizens Casualty Company of New York, 63 N.M. 460, 321 P.2d 640; Rule 16, Rules of Civil Procedure, § 21–1–1(16), N.M.S.A.1953. Further, the defendants themselves injected into the record evidence whether there was a subsequent oral agreement between the parties. The defendant Warren, while testifying in support of the counterclaim, was asked by his counsel if during any of the conversations with Mr. Garretson [plaintiff's agent] he had agreed to take back the assignments of the Clark Oil Company invoices. Compare Harbin v. Assurance Company of America, 308 F.2d 748 (10th Cir. 1962); Trebuhs Realty Co. v. News Syndicate Co., 12 F.R.D. 110. McLean v. Paddock, 78 N.M. 234, 430 P.2d 392, cited by the defendants is to be distinguished on the facts and does not require a different result.

The judgment should be affirmed. It is so ordered.

MOISE and TACKETT, JJ., concur.