465 P.2d 97

**Nick JASPER, Plaintiff-Appellant,**

v.

**Earl LUMPEE, Defendant-Appellee.**

**No. 387.**

Court of Appeals of New Mexico.
Jan. 23, 1970.

Richard B. Addis, Joe L. Martinez, Douglas T. Francis, Albuquerque, for plaintiff-appellant.

Dan B. Buzzard, Clovis, Emmett C. Hart, Tucumcari, for defendant-appellee.

## OPINION

OMAN, Judge.

This is a suit for personal injuries. Plaintiff appeals from a judgment in favor of defendant entered pursuant to a jury verdict. We affirm.

Assumption of risk was an issue in the case, and the jury was instructed thereon, without objection, in the form prescribed by New Mexico Uniform Jury Instructions, Civil (U.J.I. 13.10), as follows:

"11. The defendant contends the plaintiff assumed the risk of injury from the dangers which the plaintiff contends caused his injury. If you find each of the following propositions the plaintiff cannot recover:

"1. That a dangerous situation existed.

"2. That the plaintiff knew of such dangerous situation.

"3. That the plaintiff voluntarily exposed himself to the danger and was injured thereby.

"Plaintiff's knowledge of the danger can be actual knowledge or plaintiff is presumed to know of the danger if the risk is obvious."

There was testimony by plaintiff to the effect that he recognized the danger involved in what he was doing and realized he was running a risk, but he wanted to keep his job with defendant.

Defendant requested and the court gave the following instruction immediately following the giving of U.J.I. 13.10:

"12. To do an act rather than risk loss of employment does not make the act involuntary so as to preclude the defense of assumption of risk."

Plaintiff urges the effect of this instruction was to eliminate the requirement of voluntary exposure to danger, which is an essential element of assumption of risk.

Plaintiff also urges: (1) His employer, defendant, was aware of the defect in the equipment which created the danger; (2) Defendant was present and directing the work; and (3) He, plaintiff, was suddenly subjected to an unforeseen and extraordinary risk. He, therefore, apparently contends the doctrine of assumption of risk was not applicable.

We shall first consider plaintiff's contention that the doctrine of assumption of risk was not applicable to the facts in this case for the three reasons above stated. He must fail in this position because the evidence as to some of his stated reasons is at least in dispute, and because there was no objection made to instructing the jury on assumption of risk in the form of U.J.I. 13.10. In order to preserve error in the giving of an instruction, objection must be made thereto, whether in U.J.I. or not. Rule 51(i), Rules of Civil Procedure [§ 21–1–1(51) (i), N.M.S.A.1953 (Supp.1969)]. See also, Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967); Lanier v. Securities Acceptance Corporation, 74 N.M. 755, 398 P.2d 980 (1965); Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362 (1961).

As to the above quoted Instruction No. 12, to which plaintiff did object, we are of the opinion that the testimony of plaintiff, to which reference is above

made, warranted the giving of an instruction on economic coercion. We are also of the opinion that the instruction given correctly states the law. Demarest v. T.C. Bateson Construction Company, 370 F.2d 281 (10th Cir. 1966). Plaintiff seeks to place himself within the exceptions set forth in the Demarest case, but there is no evidence to support any complaint by him of the dangerous condition, of any promise by defendant to repair or correct the condition, or of any effort by plaintiff to have defendant remedy the condition.

The judgment should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.