509 P.2d 575

**Sam WHITE, Plaintiff-Appellee,**

v.

**WAYNE A. LOWDERMILK, INC., a corporation, Defendant-Appellant.**

**No. 1021.**

Court of Appeals of New Mexico.

April 13, 1973.

Sumner G. Buell, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for defendant-appellant.

G. Gordon Robertson, Robertson & Robertson, Raton, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The dispositive issues in defendant's appeal are: (1) whether the trial court could

properly enter judgment on a theory of bailment and (2) the presumption of negligence in a bailment situation.

Defendant was the contractor on a highway construction project. Plaintiff had a front-end loader which he rented to defendant and which was used on the construction project. At the end of the working day, the loader was parked on the median strip of the highway. During the night, an unknown person came onto the construction project, started the loader, drove it through a fence and onto nearby railroad tracks. The loader was hit by a train and totally demolished.

The trial court awarded plaintiff judgment for the reasonable value of the loader. One theory of liability was that defendant was negligent in failing to have a watchman on the project and in failing to inform plaintiff that a certain employee of defendant would not be on duty on the night the loader was moved to and left on the railroad tracks. Defendant attacks these findings of negligence and the further finding that this negligence was the proximate cause of the loss. For the purposes of this appeal, we assume the evidence is insufficient to support these findings, that is, that the evidence is insufficient to affirmatively establish defendant's negligence as the proximate cause of the loss.

The trial court also made findings in connection with a bailment and granted relief to plaintiff on the basis that defendant, as bailee, failed to demonstrate that loss of the loader did not occur through its negligence. If the trial court could properly award judgment to plaintiff on this basis, its judgment is to be sustained. Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969); Cantrell v. Dendahl, 83 N.M. 583, 494 P.2d 1400 (Ct.App.1972).

*Whether the trial court could properly enter judgment on a theory of bailment.*

Defendant asserts that a theory of relief on the basis of a bailment was not disclosed by the pleadings. It asserts the nondisclosure of this theory prejudiced its defense because it was not given the opportunity to present pertinent evidence. Defendant relies on the statement in Pecos V. T. Co. v. A. T. & S. F. Ry. Co., 24 N. M. 480, 174 P. 736 (1918): "* * * Conclusions of law based upon findings of fact outside the issues raised by the pleadings cannot be sustained, and will not support a judgment. * * *" However correct the statement may have been in 1918, subsequent New Mexico decisions demonstrate that the statement is incomplete.

"* * * The trial court may grant relief which is within the issues raised by the pleadings or within the theory on which the case was tried. * * *" Slade v. Slade, 81 N.M. 462, 468 P.2d 627 (1970); Federal National Mortgage Ass'n v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968); In re Field's Estate, 40 N.M. 423, 60 P.2d 945 (1936).

Section 21–1–1(15)(b), N.M.S.A.1953 (Repl.Vol. 4) states:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended. * * *"

Although the rental agreement was specifically pleaded in the complaint, we assume, but do not decide, that the pleadings did not sufficiently raise a bailment theory of relief. However, see Davis v. Savage, 50 N.M. 30, 168 P.2d 851 (1946). Defendant raised no objection to the evidence offered at trial. Issues tried without objections are tried with implied consent. Aguayo v. Village of Chama, 79 N.M. 729,

449 P.2d 331 (1969). The question is whether the bailment theory was in fact so tried.

■ A review of the evidence at trial shows that the parties litigated the financial terms of the rental agreement; the employment of plaintiff's son as driver of the loader; the maintenance of the loader by defendant; the oversight and supervision of the loader by defendant's employee; the person who caused the loader to be left on the median; and the person who had possession of and who was looking after the loader on the night it was demolished. We hold that the bailment theory of liability was a theory tried by implied consent and that the trial court could properly enter a judgment based on this theory.

*Presumption of negligence in a bailment situation.*

The issue is the proper application of the following language from Gray v. E. J. Longyear Company, 78 N.M. 161, 429 P.2d 359 (1967):

> " * * * a bailor makes out a prima facie case of a bailee's negligence by a showing of delivery of the property to a bailee in good condition, and his failure to return, or a return in damaged condition. At that point, the law presumes negligence and casts upon the bailee the burden of going forward with explanatory evidence to show that the loss did not occur through his negligence, or if he cannot affirmatively do this, he must show exercise of a degree of care sufficient to rebut the presumption of negligence." [Citations omitted].

Defendant recognizes there was a presumption of negligence on its part. It recognizes that once the presumption arose, it had the burden of coming forward with evidence. It contends that it met this burden and that the evidence presented rebutted the presumption. Defendant asserts that once the presumption was rebutted it disappeared from the case. Defendant contends that plaintiff still had the burden of persuasion and the evidence was insuf-

ficient to persuade the trial court of defendant's liability. It asserts that in awarding judgment for plaintiff, the trial court necessarily gave the presumption some evidentiary weight, which was improper because the presumption had disappeared.

Generally, as to the procedural and evidentiary effect of a presumption, see Hartford Fire Insurance Company v. Horne, 65 N.M. 440, 338 P.2d 1067 (1959); Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102 (1956); Payne v. Tuozzoli, 80 N.M. 214, 453 P.2d 384 (Ct.App.1969); N.M. U.J.I. 12.16. Generally, as to the burden of going forward with evidence and the burden of persuasion, see Witzke v. Dettweiler, 83 N.M. 802, 498 P.2d 689 (Ct.App.1972) and cases therein cited.

We need not, and do not, consider whether any special rule, as to the effect of the presumption, the burden of producing evidence or the burden of persuasion, is to be applied in a bailment situation.

In its conclusion of law, the trial court states: ". . . Defendant has failed to demonstrate that the loss did not occur through its negligence." This conclusion is to the effect that defendant's explanatory evidence was insufficient to show that the loss did not occur through defendant's negligence. No contention is presented concerning the second aspect of defendant's burden to produce evidence—that of showing exercise of due care sufficient to rebut the presumption of negligence. The trial court was not asked to, nor did it, rule on this second aspect.

■ The question then is whether the evidence is sufficient to support the conclusion that defendant's evidence was insufficient to show no negligence on its part. Although the evidence of "no negligence" is conflicting, unattacked findings of the trial court answer the question. These unattacked findings are to the effect that defendant undertook "oversight and occasional supervision" of the loader when it was parked on the project at night; that defendant directed the parking of the load-

er on the project the night it was destroyed; that it provided no oversight and supervision that night; that it failed to inform plaintiff that there would be no such oversight and supervision; thus, depriving plaintiff of the opportunity of determining where to park the loader in the situation where defendant would not fulfill its obligation of oversight and supervision. These findings support the conclusion of the trial court.

The posture of the case then is that stated in Lebow v. McIntyre, 79 N.M. 753, 449 P.2d 661 (Ct.App.1968):

> " * * * We have determined that the unattacked findings justified the trial court in refusing to find that defendant had met the affirmative obligations imposed upon him by Gray v. E. J. Longyear Co., supra. Having failed to make the required affirmative showing, defendant's prima facie negligence remains in the case. That prima facie negligence supports the trial court's finding of negligence."

Compare Hartford Accident and Indemnity Co. v. Beevers, 84 N.M. 159, 500 P.2d 444 (Ct.App.1972).

The judgment is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.