525 P.2d 920

**Harwood T. RICE, Sr., Plaintiff-Appellee,**

v.

**Joseph W. GIDEON and Albuquerque Gravel Products Company, Defendants-Appellants.**

**No. 1173.**

Court of Appeals of New Mexico.
June 5, 1974.

Rehearing Denied July 16, 1974.

Certiorari Issued Aug. 26, 1974.

Sutin, J., filed a dissenting opinion.

Lopez, J., filed a specially concurring opinion.

David R. Gallagher, Gallagher, Ruud, Toulouse & Moore, Albuquerque, for defendants-appellants.

Mary C. Walters, Charles G. Berry, Marchiondo & Berry, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

The defendants in this negligence action appeal from a $50,000.00 judgment for plaintiff. The accident occurred at a trailer park under construction by plaintiff Rice. Defendant Gideon, a dump truck driver for defendant Albuquerque Gravel Products Company, spread gravel at the construction site. On two previous occasions Rice directed Gideon's backing and unloading from a position behind and to the left of Gideon's truck. At the time of the accident Rice rode with Gideon to the

beginning of the cul-de-sac where Gideon was to spread gravel. Rice pointed to where he wanted Gideon to spread and then jumped out of the truck on the right side and began running down to where he could direct the backing. Suddenly he noticed the truck, within three or four feet, backing towards him. Feeling that a rock ledge cut him off from running to the side he ran straight down the road trying to remain in the center of the truck, away from the wheels. The truck ran over him causing extensive injuries.

The trial court instructed the jury on the doctrine of last clear chance (U.J.I. 12.12 (1966)) over defendants' objection. See § 21–1–1(51)(1)(i), N.M.S.A.1953 (Repl. Vol. 1970). Defendants argue that since the issue was neither plead nor tried the instruction was erroneous. We agree.

■ An instruction is proper only if plaintiff pleads the theory or it is tried by express or implied consent. Section 21–1–21–1–1(51)(1)(i), N.M.S.A.1953 (Repl. 1(15)(b), N.M.S.A.1953 (Repl. Vol.1970); Thayer v. D. & G.R.R. Co., 21 N.M. 330, 154 P. 691 (1916); Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961). See also Terry v. Terry, 82 N.M. 113, 476 P.2d 772 (1970); White v. Wayne A. Lowdermilk, Inc., 85 N.M. 100, 509 P.2d 575 (Ct.App.1973) and cases cited therein. Plaintiff did not plead last clear chance. Nor was it tried by express consent. No mention was made of last clear chance in the record until the trial court presented its instructions.

■ Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection. 3 Moore's Federal Practice para. 15.13 (1974). However, consent cannot be implied where the evidence introduced is relevant to some other issue and the parties do not squarely recognize it as an issue in the trial. See Gallon v. Lloyd-Thomas Company, 264 F. 2d 821, 77 A.L.R.2d 417 (8th Cir. 1959); Moore's, supra.

■ The doctrine of last clear chance has four elements:

"(a) That the plaintiff has been negligent;

"(b) That as a result of his negligence, he is in a position of peril, from which he cannot escape by the exercise of ordinary care;

"(c) That the defendant knows, or should have known, of plaintiff's peril; and

"(d) That defendant then had a clear chance, by the exercise of ordinary care, to avoid the injury, and that he failed to do so."

Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960).

There is evidence in the record which would support the first three elements. However, that evidence was also relevant to other issues. Evidence relevant to element (a) was also, obviously, relevant to the issue of contributory negligence, which was plead. The same is true for evidence relevant to element (b). One of the specific acts of contributory negligence asserted was that Rice could have escaped injury by running to the side of the truck, out of its path. Plaintiff, in rebuttal, introduced evidence showing that Rice did not have the opportunity to escape to the side. That evidence was relevant both to contributory negligence and element (b) of last clear chance.

Also, the alleged act of negligence was that Gideon carelessly proceeded when he should have known that Rice was behind the truck. Testimony relevant to that issue was also relevant to element (c) of last clear chance.

■ Further, we fail to find any direct evidence in the record supporting element (d) of last clear chance. There was no evidence as to Gideon's opportunity to avoid the accident once Rice was in a position of peril. Inferences from the evidence may indicate that Gideon had a "clear chance" to stop before hitting Rice. But these inferences are not enough for us

to imply the consent of the parties to try this issue. There must be some affirmative presentation of evidence on the point. See Freitag v. The Strand of Atlantic City, 205 F.2d 778 (3rd Cir. 1953).

A reading of the record reveals that the parties did not squarely recognize last clear chance as an issue in the trial. Gallon v. Lloyd-Thomas Company, supra.

Reversed and remanded.

It is so ordered.

SUTIN, J., dissenting.

LOPEZ, J., specially concurring.

LOPEZ, Judge (specially concurring).

I fully concur in Judge Hendley's opinion. I wish to note briefly my disagreement with the rule set down nearly 60 years ago in Thayer v. D. & G.R.R. Co., supra, by which we are bound. I believe New Mexico should adopt the rule whereby last clear chance is a defense to contributory negligence and not a separate claim, as *Thayer* holds. This would eliminate the necessity of pleading the theory. I do not feel that overturning a verdict supported by substantial evidence because of mere inadvertence to plead the theory is consistent with modern rules of pleading. The only consideration which can possibly support the *Thayer* rule is notice. Adequate notice, however, can be obtained by the use of modern discovery and pre-trial techniques.

SUTIN, Judge (dissenting).

I respectfully dissent.

A. *Last clear chance instruction was properly given*

The trial court gave U.J.I. 12.12 on last clear chance. Defendant objected on the following grounds:

(a) no evidence or testimony to support the instruction; (b) no evidence plaintiff could not escape by use of ordinary care; (c) no showing that defendant had knowledge of plaintiff's peril; (d) no showing defendant had a clear chance to avoid the injury; and (e) it is not a proper statement of the law.

The majority hold that since plaintiff did not plead or try the issue of last clear chance, it was error to give the instruction. Before we discuss this issue, we must determine whether this claimed error is subject to review.

The specific vice in the instruction must be pointed out so as to leave no doubt that the court's mind was actually alerted thereto. If not, only objections properly made are subject to review. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 87, 93, 428 P.2d 625 (1967); Castillo v. Juarez, 80 N.M. 196, 453 P.2d 217 (Ct.App. 1969).

Defendant made no objection that last clear chance was not pled or tried. No objection was made to instructing the jury on last clear chance in the form of U.J.I. 12.12. Claimed error in giving U.J.I. 12.12 was not preserved for review. Jasper v. Lumpee, 81 N.M. 214, 465 P.2d 97 (Ct. App.1970).

The objection made, supra, that the instruction was not a proper statement of the law is not specific enough to preserve the error for review. McBee v. Atchison, Topeka and Santa Fe Ry. Co., 80 N.M. 468, 471, 457 P.2d 987 (Ct.App.1969).

The only question for review is whether there is sufficient evidence to support the instruction based on the objections made. The majority say "No." I say "Yes."

The facts are concisely stated in the majority opinion. Gideon knew that Rice was running to the rear of the truck to direct Gideon where to spread gravel. In the exercise of reasonable care, should Gideon leave his truck stopped until he could see, in his rear view mirrors, whether Rice or anyone else was behind the truck before starting to back up? Should Gideon have given a warning before starting to back up? If Gideon had looked or warned, would he have had the last clear chance to avoid the injury? These were issues of fact for the jury to decide, not for this court.

U.J.I. 12.12 on last clear chance was properly given.

B. *It is not necessary to plead last clear chance under Rule 8(a).*

Under Rule 8(a) of the Rules of Civil Procedure [§ 21–1–1(8)(a), N.M.S.A. 1953 (Repl. Vol. 4)] a claim for relief shall contain "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." This rule is derived from Rule 8(a) of the Federal Rules of Procedure. No rule provides that the doctrine of last clear chance must be pleaded as an alternative claim in a negligence action.

Thayer v. Denver & Rio Grande R.R. Co., 21 N.M. 330, 154 P. 691 (1916) preceded our Rules of Civil Procedure by 26 years and is not the rule in New Mexico. It has never been cited again on pleading last clear chance. The other cases cited in the majority opinion do not support defendant's position.

Rice alleged in his claim that proximate cause of his injury resulted because "The defendant did proceed to back his truck without observation or warning to determine that plaintiff was standing behind said truck and without warning that he was preparing to back up."

Last clear chance follows "proximate cause" as much as one follows his nose. This precept under Rule 8(a) began in 1939. Swift and Co. v. Young, 107 F.2d 170 (4th Cir. 1939). The court said:

> The last clear chance doctrine is but one of the rules of law applied in determining whose negligence is to be deemed the proximate cause of an injury complained of; and there would seem to be no occasion for pleading it where the negligence of the defendant relied on for the application of the doctrine is pleaded as the proximate cause of the injury.

Directly in point is Meadow Gold Products Co. v. Wright, 108 App.D.C. 33, 278 F.2d 867 (1960). The court points out that to avoid legal sparring and fencing and suprise moves, the trial court, in its discretion, may direct the attorneys for parties to appear before it for a conference to formulate issues under Rule 16, pretrial procedure. The course of the trial is controlled by the issues framed in the pretrial order. It becomes the law of the case. Johnson v. Citizens Casualty Company of New York, 63 N.M. 460, 464, 321 P.2d 640 (1958). The pleadings are disregarded because pleadings are superseded by the pretrial order. Mantz v. Follingstad, 84 N.M. 473, 475, 505 P.2d 68 (Ct.App.1972).

Swift and Co., supra, was followed in Louisville & Nashville Railroad Company v. Rochelle, 252 F.2d 730, 738 (6th Cir. 1958); Churchill v. Southern Pac. Co., 215 F.2d 657, 661 (9th Cir. 1954); Kline v. McCorkle, 330 F.Supp. 1089 (E.D. Va. 1971); Casey v. Marshall, 64 Ariz. 232, 168 P.2d 243 (1946). For a division in the states, see Annot. 25 A.L.R.2d 254, 259, 265, and supplements.

In Harbin v. Assurance Company of America, 308 F.2d 748 (10th Cir. 1962), the court said:

> Under the Federal Rules of Civil Procedure the dimensions of a lawsuit are not determined by the pleadings because the pleadings are not a rigid and unchangeable blueprint of the rights of the parties. The Rules of Civil Procedure for the District Courts of New Mexico are derived from the Federal Rules and in all respects pertinent thereto are identical with the Federal Rules. The decisions in Johnson v. Citizens Casualty Company of New York, 63 N.M. 460, 321 P.2d 640, 643, and State ex rel Gary v. Fireman's Fund Indemnity Company, 67 N.M. 360, 355 P.2d 291, 295, convince us that the functions of the pleadings in New Mexico are the same as under the federal system, *that the pleadings are not determinative of the issues, and that recovery may be had on grounds not asserted in the complaint.* [Emphasis added].

In State ex rel. Gary cited above, Justice Moise said (p. 365, 355 P.2d p. 294):

> We now announce that recovery should be allowed on quantum meruit

**564**

even though the suit was originally framed on express contract * * *.

We should now announce that recovery should be allowed on last clear chance even though the suit was originally framed in ordinary negligence.

### C. *Plaintiff's claim is deemed amended under Rule 15(b).*

Rule 15(b) of the Rules of Civil Procedure [§ 21–1–1(15)(b)] reads in part as follows:

> Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, *even after judgment; but failure so to amend does not affect the result of the trial of these issues.* * * * [Emphasis added].

In Vogrin v. Hedstrom, 220 F.2d 863, 866 (8th Cir. 1955), the court said:

> Where an issue has in fact been tried even though not made an issue under the pleadings, yet in support of the judgment entered, the pleadings will be presumed to have been amended to conform to the proof.

Hasselbrink v. Speelman, 246 F.2d 34, 39 (6th Cir. 1957) says:

> Were it necessary to plead the emergency, as an excuse for an act that might otherwise constitute contributory negligence, the pleadings, in the light of the evidence adduced, are deemed to be so amended.

See, also, Lambert v. United States, 438 F.2d 1249 (6th Cir. 1971); Mangum v. Surles, 281 N.C. 91, 187 S.E.2d 697 (1972); Posey v. Dove, 57 N.M. 200, 257 P.2d 541 (1953); George v. Jensen, 49 N.M. 410, 165 P.2d 129 (1946); White v. Wayne A. Lowdermilk, Inc., 85 N.M. 100, 509 P.2d 575 (Ct.App.1973).

Rule 8(f)[§ 21–1–1(8)(f)] reads:

> All pleadings shall be so construed as to do substantial justice.

See 2A Moore's Federal Practice, § 8.34.

The time has come to recognize that justice does not mean "hang in haste and try at leisure." It means to do justice; to see justice done. Justice should be done in this case on the issue of last clear chance.