## SOUTHERN UNDERWRITERS v. DUNN et al.

### No. 8272.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1938.

J. H. Burr, of Houston, Tex., for appellant.

Gaius G. Gannon and William M. Ryan, both of Houston, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for a declaratory judgment that appellant was obligated, under an automobile insurance contract it had issued to B. D. Kimmel, to defend, on behalf of the appellees, Dunn and Stanolind Pipe Line Company, three suits brought against them and Kimmel for personal injuries received in a collision with Kimmel's truck, and to

pay, within the policy limits, any judgment rendered against Dunn and Stanolind Pipe Line Company in these suits.

The claim was not, that either of appellees was in fact a "named assured," or "other assured" ("other assured," according to the policy, was "any other person or organization using the automobile or legally responsible for the use thereof.") Indeed, it was expressly stipulated that neither was in fact any such person or organization. The claim was that, because the policy obligated appellant "to defend in assured's name and on his behalf any suit against him seeking damages on account of injury or damage by reason of the ownership, maintenance or use of the insured automobile, even if such suit is groundless, false or fraudulent," and there were allegations in the suits, that Dunn and Stanolind Pipe Line Company were either using the automobile or legally responsible for the use thereof, though these allegations were in this suit admitted to be wholly groundless in fact, it was the duty of appellant, under the policy, to defend those suits as to Dunn and Stanolind.

The defense was that, obligated by the policy as defendant below, appellant here, admittedly was to defend the "named" and any "other assured" from groundless suits against them, it was not obligated by the policy to defend any one but the "named assured," and "any other person" who not merely by allegations in a plaintiff's pleading, but in fact, was "another assured" under its terms. That the claim made in this suit, if sustained, would rewrite the policy, to require the insurer to defend any person whom any one might elect to sue in connection with an accident involving the truck described in the policy, though the person sued was not the "named assured," and was not, in fact, using or legally responsible for the use of the truck, if only the plaintiff in that suit should allege that the defendant in the suit was either using or legally responsible for the use of the truck.

There was another defense that Dunn and Stanolind had insurance with the Travelers Insurance Company, and that the provision in appellant's policy, that "if another assured had valid and collectible insurance against a loss also covered by this contract, such other assured shall not be covered," prevented Dunn and Stanolind from recovering here.

The case was submitted on a stipulation admitting these to be the facts:

At the time of the collision Kimmel's truck and trailer was covered by a policy issued to him by appellant. Dunn and Stanolind were covered and protected as to their operations, and particularly as to the operations of Dunn for Stanolind, by a policy in the Travelers Insurance Company. This policy contained, as to "other assured," a similar provision to that contained in appellant's policy; as to "named assured," its provision was for proportional liability. Appellant's policy covered liability "imposed upon the assured by law for damages by reason of the ownership, maintenance or use of the truck and trailer described in the schedule while they were being used for commercial purposes." At the time of the collision the truck and trailer were being used for such purposes. In the contract is contained the provision set out above, on which appellees sued, requiring appellant to defend suits brought against the assured. At the time of the injury the truck was hauling oil well pipe or casing; Kimmel was driving and, in some manner unknown to the stipulators in this cause, a collision occurred, in which three persons were injured. Three separate suits were instituted and are now pending seeking a recovery against Kimmel, Dunn, and Stanolind Pipe Line Company. As to these suits, it is stipulated that it is alleged in each that Kimmel was driving the truck, that it was owned by the defendant Dunn, and that the oil well pipe and casing with which it was loaded was owned by Stanolind Pipe Line Company. It was further alleged in them that at the time of the collision Kimmel was acting as the servant or agent of the defendant Dunn and Stanolind in driving the automobile truck, and was transporting on said truck a load of oil well pipe or casing, from a place in Oklahoma to a place in Texas, and that the automobile in which the deceased and the other plaintiffs were riding was struck by the truck loaded with oil well pipe and casing belonging to and owned by Dunn and Stanolind, and driven by Kimmel, the servant of the defendants Dunn and Stanolind. Each of the plaintiffs alleged that the collision was caused by the negligence and want of care of the defendant, in this, that Kimmel, at the time of the collision, acting as the servant and employee of the defendants Dunn and Stanolind, violated the rules of the road and was otherwise negligent and careless. There was the further allegation that at the time of the collision Kimmel, Dunn, and Stanolind were all using and employing the truck.

It was stipulated, however, in this case, that, contrary to the allegations in said petitions, the truck involved in the accident was solely owned by Kimmel; Dunn and Stanolind had no ownership or interest in it, and Stanolind had no interest or ownership in the oil well pipe and casing being hauled; that in truth and in fact Kimmel was hauling the casing under an independent contract with Dunn, by the terms of which Kimmel agreed to and did furnish his own truck, and did haul the pipe for an agreed price per foot for such casing, and Dunn did not reserve or have any control or supervision over Kimmel or the truck he was using, or of the route, time, or method of the hauling. It was further stipulated that these facts are all admitted by Kimmel, and are known to the appellant; that by reason of the contract of defendant with Kimmel, and the other stipulated facts above, the Travelers Insurance Company has requested appellant to defend the suits on behalf of Dunn and Stanolind, but appellant has refused to do so.

Appellant admitted that appellees Dunn and Stanolind are, through their insurance carrier, Travelers Insurance Company, defending all of said suits, but it denied that they are doing so because appellant has refused to defend them. In their brief before the trial court, plaintiffs below, appellees here, admitted "As a matter of fact, which is undisputed in this proceeding, it was agreed to in the stipulation that B. D. Kimmel was acting as an independent contractor at the time of the accident. He was not the servant of Dunn or of Stanolind, nor were Dunn and Stanolind using and employing the truck at the time of the accident; the truck was, in fact, owned by Kimmel."

"It is true that the suits brought by the Oklahoma plaintiffs have, insofar as Dunn and the Stanolind Company are concerned, no proper basis in fact, in that as is agreed that undisputed among the parties, Kimmel was an independent contractor, for whose acts he, and he alone, was legally responsible."

In the face of these admissions they nevertheless contended that, because of the allegations in the Oklahoma petitions, "appellant was under its contract obligated to defend Dunn and Stanolind as other assureds, and to pay any judgment rendered against them by reason of the matters and things alleged in the petition in each of said cases, if they are proven, and that they are entitled to a judgment so declaring."

The District Judge, agreeing with this contention, concluded that defendant was obligated to defend the suits on behalf of plaintiffs Dunn and Stanolind, and was also obligated to pay off, to the extent of the limits of the policy, "any judgment or judgments rendered in said suits, not only against Kimmel but against the plaintiffs Dunn and Stanolind Pipe Line Co. based upon a finding or findings that the facts are true which are set forth in the pleadings in such suit." He found, too, that the other insurance provision in the Kimmel policy did not prevent Dunn and Stanolind from recovering, because the Travelers Insurance policy did not cover the injury in this case for which, under the stipulated facts, Kimmel was wholly responsible. Thus notwithstanding the stipulation which established that neither Dunn nor Stanolind were additionally insured, and notwithstanding his finding that neither Dunn nor Stanolind were legally responsible for the use of the truck, and therefore were not covered as to the collision in question by the Travelers policy, the District Judge found that because, and only because, of the allegations in the Oklahoma suits, the provision of appellant's policy requiring it to defend groundless suits brought against its "assured" made these two, "other assureds," and required appellant to defend the suits on their behalf, and to pay any judgments in them, "if it was determined in said judgments that Dunn and Stanolind were either using or were legally responsible for the use of the truck."

We agree with appellant that this will not do. The case before us is not a suit brought on judgments obtained in the Oklahoma suits against Dunn and Stanolind determining that Dunn and Stanolind were using, or legally responsible for the use of, the truck, and were therefore covered by the policy. It is not a suit upon allegations and proof that Dunn and Stanolind are "other assureds" to obtain a declaratory judgment that they are, and that appellant must therefore defend and indemnify them. It is a suit for a declaratory judgment as to the rights of plaintiffs and the duty of defendant under the policy contract, to be determined not upon the allegations in the Oklahoma suits, but upon the facts stipulated in this one. Whether Dunn and Stanolind are "other assureds" under appellant's policy, to be defended and indemnified as such in the Oklahoma suits, is not to be determined here by either the allegations in or the hypothetical results of those suits. They are without bearing upon the duties and

liability of appellant under the invoked policy. These depend alone, they are to be determined alone, by the facts stipulated and admitted here. Upon these facts, and upon the solemn judicial admissions of the plaintiffs, Dunn and Stanolind are not "assureds" under the policy; they are not named in it as such; they are not "other assureds" as "using or employing the truck, or being legally responsible for its use." The declaration that appellant must defend the suits on behalf of Dunn and Stanolind, and must, upon the hypothesis and in the contingency named in the declaration, pay any judgment rendered against them, cannot stand. There should, under the stipulations and admissions, have been a contrary declaration.

The judgment is reversed and the cause is remanded, with directions to enter judgment accordingly.

Reversed and remanded.