AMERICAN MOTORISTS INSURANCE COMPANY, a corporation, Appellant,

v.

SOUTHWESTERN GREYHOUND LINES, INC., a corporation, Appellee.

No. 6348.

United States Court of Appeals Tenth Circuit.

Oct. 25, 1960.

Clayton B. Pierce, Oklahoma City, Okl. (Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., on the brief), for appellant.

Jake Hunt, Oklahoma City, Okl. (Foliart, Hunt & Shepherd, Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

For convenience, reference will be made to Southwestern Greyhound Lines, Inc., as Greyhound; to American Motor-

ists Insurance Company as American; to Union Bus Station, of Oklahoma City, as Union Station; to Continental Casualty Company as Casualty; and to Ida L. Cole, a passenger on a Greyhound bus, as the passenger. American issued to Union Station a policy of liability insurance which covered liability of Union Station and also the transportation companies using the bus station, including Greyhound; but it expressly excluded from coverage "accidents to passengers while entering, riding in or upon, or alighting from such automobiles."

Two suits were filed in the state court against Greyhound, Union Station, and Casualty; one by the passenger to recover damages for personal injuries and the other by her husband to recover damages for loss of her personal services and consortium. Greyhound requested American to assume the investigation and defense of the suits and to pay within the limits of the policy any judgment or judgments which might be rendered therein against Greyhound. American refused. When the case brought by the passenger was called for trial and after her attorney made an opening statement to the jury, the court dismissed the suit as against Union Station; and the case was promptly removed to the United States Court on the ground of diversity of citizenship. Thereafter, Greyhound settled the two cases by paying to the passenger and her husband a total of $8,500.

Greyhound then brought this action against American to recover by way of indemnity the sum which it had paid in settlement of the suits for damages, together with attorneys' fees and expenses. It was pleaded among other things that after alighting from the bus in the bus station, the passenger slipped or fell while on the premises of Union Station and suffered injury. By answer, American pleaded in effect that it did not owe Greyhound any duty or obligation to defend the suits for damages or to reimburse Greyhound for the sums paid in settlement of them for the reason that the passenger was injured while alight-

ing from the bus; and that the policy excluded liability for such an injury. American moved for summary judgment; the motion was denied; the case was tried to a jury; the instructions are not in the record before us but we understand that the court submitted to the jury the issue of fact whether the passenger fell while still on the step of the bus from which she was alighting or after she reached the platform of the bus station. The jury returned a verdict for Greyhound; a motion for judgment notwithstanding the verdict or for a new trial was denied; judgment was entered on the verdict; and the case is here on review.

■ Implicit in the verdict of the jury was a finding that the passenger fell after she alighted from the bus and was on the platform of the bus station. Despite that finding, the judgment is challenged on the ground that the passenger and her husband did not allege in their respective actions in the state court and the investigation which American made did not disclose to it sufficient facts to impose upon American a duty under its policy to assume a defense in such actions. It is the general rule that the duty of the insurer to defend an action brought against its insured is to be determined from the allegations of the complaint in such action. Albuquerque Gravel Products Co. v. American Employers Insurance Co., 10 Cir., 282 F.2d 218. But this court is committed to the general rule that the obligation of an insurance company to defend its insured is determined by the actual facts brought to the attention of the company rather than pertinent allegations contained in the complaint or petition of a complainant against the insured which are not true. Hardware Mutual Casualty Co. v. Hilderbrandt, 10 Cir., 119 F.2d 291. And that rule has been expressly enlarged in Missouri to include both actual facts known to the insurance company and those which could be learned through a reasonable investigation. Marshall's U. S. Auto Supply v. Maryland Casualty Co., 354 Mo. 455, 189 S.W.2d 529.

■ It was pleaded in each complaint filed in the state court that when the bus came to a stop for a rest period at the bus terminal of Union Station and while the passenger was alighting therefrom but still on the steps leading to the ground, she was violently pushed, shoved, and struck by persons attempting to board the bus and was forcibly knocked from the steps to the cement platform; that while stumbling and attempting to regain her balance, she violently collided with a baggage truck or conveyance which was standing near the bus; and that she sustained severe and permanent injuries. In a deposition taken in her case in the state court, the passenger testified in substance that she was alighting from the bus; that when she was on the last step, she started to step down; that with one foot on the lower step and before the other foot reached the platform, she was pushed; that she lost her balance and fell forward out of the bus; and that she went onto the pavement and suffered injury. She testified to substantially the same facts in the trial of this case. Another witness testified by deposition in the case in the state court that she saw the accident; that the passenger was near the bottom of the steps of the bus at the time; that she fell forward out of the bus; and that she came out of the bus stumbling and staggering trying to regain her balance. Four named persons testified in the course of the trial of this case, three in person and one by deposition. Each testified that the passenger fell after alighting from the bus and while on the station platform. The record is silent in respect to the employment of such persons, but it is stated in the brief of Greyhound that three of them were employes of Greyhound; and the correctness of the statement is not challenged. The record indicates persuasively that through a reasonable investigation, American could readily have ascertained that, despite the allegations contained in the petitions which were filed in the actions in the state court, there was substantial evidence available to show that the actual fact—as found by the jury in this case—was that the passenger fell after alighting from the bus and while she was on the platform of the bus station. Instead of ascertaining that such evidence was available and determining its course with it in mind, American chose to refuse to assume the defense of the actions in the state court or to recognize toward Greyhound any obligation in respect to them. It chose that course at the hazard in point of consequence of a judicial determination being made that the actual fact was that the passenger fell after reaching the station platform and that the refusal to assume the defense of the actions constituted a breach of American's obligation to Greyhound under the policy. Upon the implicit finding of the jury in this action that the passenger had alighted from the bus and was on the station platform at the time of the accident, the law supplies the resulting liability of American to indemnify Greyhound for the sums paid in the settlement of the case, together with attorneys' fees and expenses.

■ Error is assigned upon the exclusion of certain evidence. American offered in evidence the petition which the passenger filed in the action in the state court; the petition which her husband filed; the deposition which the passenger gave in her action in the state court; the deposition which another person gave in that action; and the judgment entered by the state court dismissing such action as against Union Station. The evidence was excluded. It is urged that the evidence was admissible for the purpose of throwing light upon the state of mind of American in reaching its decision that coverage did not exist for the suits in the state court. But the state of mind of American in refusing to assume the defense of the suits was not an issue in this action. The crucial issue in this action was whether the passenger actually fell from the step of the bus or after she was on the platform of the bus station, and whether through means of a reasonable investigation American

should have known or believed that she fell after reaching the platform and should have acted accordingly. The tendered evidence could not have served to throw any light upon that issue.

The judgment is affirmed.