C. P. CULP, d/b/a Culp Dr. Pepper Bot-
tling Company, Appellant,

v.

NORTHWESTERN PACIFIC INDEM-
NITY CO., a corporation, Appellee.

No. 8621.

United States Court of Appeals
Tenth Circuit.

Aug. 31, 1966.

Rehearing Denied Sept. 26, 1966.

A. M. Covington, Tulsa, Okl. (Coving-
ton, Gibbon & Poe, Tulsa, Okl., on the
briefs), for appellant.

Robert D. Looney, Oklahoma City, Okl.
(Watts, Looney, Nichols & Johnson,
Oklahoma City, Okl., on the brief), for
appellee.

Before PHILLIPS, JONES and BREITENSTEIN, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

In a declaratory judgment action brought by C. P. Culp against Northwestern Pacific Indemnity Company, hereinafter called the insurer, Culp sought a judgment declaring that the insurer was obligated under a policy of automobile insurance issued by the insurer to Culp and hereinafter referred to with more particularity, to assume the defense of an action commenced by Frank Allen Grubb in the Superior Court of Creek County, Oklahoma, against Culp and Bill Tillman, to recover damages for personal injuries and to pay any judgment for damages that might be recovered against Culp in such action. From an adverse judgment, Culp appealed.

The insurer issued its policy of automobile insurance to Culp, effective from April 23, 1964, to April 23, 1965. The policy provided that the insurer would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The phrase "the automobile" embraced all the automobiles, including trucks, described in the schedule of automobiles attached to the policy.

The policy defined "Insured" as follows:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *"

The policy further provided:

"(c) Use of the automobile for the purposes stated includes the loading and unloading thereof.

\* \* \* \* \* \*

"10. Assault and Battery Coverages A and B

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured * * *."

The policy further provided:

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend *any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof*, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * *"
\* \* \* (Italics ours.)

An incident occurred on or about March 2, 1965, in which Grubb was injured. At the time of such incident, Tillman was an employee of Culp and was the driver of one of Culp's trucks covered by the policy. Culp demanded that the insurer assume the defense of the state court action and pay any judgment for damages that might be recovered against him in such action. On August 2, 1965, the insurer denied coverage, under the policy of liability, of either Culp or Tillman to Grubb and stated it would not defend the action.

The petition in the state court action alleged:

"That on or about the 2nd of March, 1965, * * * Bill Tillman was employed as a truck driver and route salesman for C. P. Culp, * * * and was, as the agent of C. P. Culp, * * * particularly engaged in making a delivery to the M & W Thrifty Wise

Grocery Store at 916 South Main Street in the City of Stillwater, State of Oklahoma.

"That on [such] date * * * Tillman, with intention to foster his employer's business, did, without provocation, strike the plaintiff in the back of the head with a bottle and did then strike the plaintiff in the face with his fist, the first blow being struck by * * * Tillman, while the plaintiff was in a kneeling position, arranging his display, with his back to the defendant."

That "* * * Tillman, was grossly negligent, that he acted willfully, with complete reckless and wanton disregard for the rights of the plaintiff by, without provocation, intentionally striking plaintiff as hereinbefore set out."

The petition further alleged that Culp was negligent in originally employing Tillman as his agent and employee, when he knew, or by the exercise of ordinary care could have known, at the time of such employment, that the latter was a person of vicious propensities; and that Culp was further negligent in continuing Tillman as his employee, after he knew that Tillman, in the course of his employment and during the performance of his duties as such employee, committed an assault and battery on another person prior to his assault on Grubb; and that

"* * * Tillman, was acting in the course of his employment with * * * Culp, at the time the assault was committed on the plaintiff, and said assault was an incident in an attempted pursuit of the interest of the business of * * * Culp, and as a result thereof * * * Culp is vicariously responsible for the act of * * * Tillman";

and that as a direct and proximate result of such wrongful act of Tillman and such negligence of Culp, Grubb suffered serious physical and mental injuries; and that

"* * * the injuries above described were in no way caused by any action of the plaintiff; that he was at all times acting as an ordinary and prudent man in the course of his employment."

In the instant action the parties filed a written stipulation, in which they agreed:

"* * * that the vehicle being driven at the time was listed on the schedule; that * * * Grubb filed an action against [Culp and Tillman] in the Superior Court of Creek County, Oklahoma, * * * as shown by copy of Petition which is hereto attached; that a fight occurred in the Thrifty Wise Grocery Store in Stillwater, Oklahoma, between * * * Grubb and * * * Tillman; that at said time Grubb was employed as a route salesman for Pepsi Cola Bottling Company and * * * Tillman was employed by Plaintiff as a route salesman; that both men were in the general employ of their respective employers on March 2, 1965; that as part of the duties of a route salesman, it was customary, * * that each route salesman in calling upon a grocery store to deliver his soft drinks to the store, stack them into a display at a soft drink counter * * * that it was further customary, * * that the soft drinks of the various soft drink distributors be placed in one general location and they were each assigned specific space within that general location; that on the morning of March 2, 1965, * * * Tillman arrived ahead of * * * Grubb. Both men carried bottles into the store on hand trucks and were there before either finished stacking his bottles. They became engaged in an argument as to where on the store racks each was to put his bottles. This argument resulted in a fight. That both parties were engaged in arranging their respective displays * * * just before the fight occurred. That it was customary that each route salesman would bring in his soft drinks on a hand

truck and he would unload said hand truck and stack them into the display; that at the time of the fight, each of the participants had a hand truck loaded with bottles for unloading in the aisle and there was also located in the aisle several cartons of soft drinks of both parties which had been placed there by each of the men in re-arranging their respective displays; thus, when said fight occurred one of the sources of injury is that Grubb claims to have been knocked or pushed over said soft drinks when they had the aisle somewhat cluttered."

■ The principal question presented is whether the insurer was obligated to assume Culp's defense of the state court action. We will deal hereinafter with the question of the insurer's obligation to pay any damages which Culp may become legally obligated to pay to Grubb. In determining whether there was a duty on the part of the insurer to assume Culp's defense of the state court action, we must look, under the posture of the instant case, to the allegations of the complaint in such action and the facts agreed to by the parties in the stipulation.[1]

■ It is clear that the assault and battery was not an accident within the meaning of the provisions of the policy applicable to Tillman, because it affirmatively appears that the assault and battery was intentionally committed by Tillman. Hence, there was no coverage as to Tillman.

There was no coverage as to Culp, unless the assault and battery was a part of the unloading and delivery operation.

Oklahoma has adopted the so-called "complete operation" doctrine. In the case of Penley v. Gulf Insurance Company, Okl., 414 P.2d 305, 310, the court said:

"The so-called 'loading and unloading' clause in insurance contracts has been frequently considered and construed by the courts. Most authorities agree that the phrase 'including loading and unloading' is a phrase of extension; that it expands the expression 'use' of the truck beyond its connotation otherwise, so as to bring within the policy some acts in which the truck itself does not play a part.

"The courts have generally applied two rules or doctrines when considering situations covered by the 'loading and unloading' clause. See Raffel v. Travelers Indemnity Co., 141 Conn. 389, 106 A.2d 716; and 160 A.L.R. 1259–1277. One is the 'coming to rest' doctrine. This view places a narrow construction on said clause and does not hold the insurer liable beyond the point where the goods have been taken off the automobile and have actually come to rest, i. e., when the automobile itself is no longer connected with the process of unloading, and when the articles have started on their course to be delivered by other power and forces independent of the automobile.

"The other view is the so-called 'complete operation' doctrine, which holds that 'loading and unloading' includes the entire process involved in the movement of the articles from the place where insured's employees find the articles, which are to be moved by truck to the place where the employees of insured turn them over to the party to whom they are to make delivery.

The parties have not cited, nor have we found, a case that discloses which doctrine this state has adopted or followed. A majority of the states follow the 'complete operation' theory and we believe said rule should be adopted by this Court."

■ It affirmatively appears from the allegations of the state court petition that while Grubb was kneeling down, placing his products in one of the display cases, with his back to Tillman, Tillman became enraged, as a result of the controversy between them, and seized a bottle and struck Grubb over the head therewith and then with his fist struck Grubb

1. Harbin v. Assurance Company of America, 10 Cir., 308 F.2d 748.

**478**

in the face. Those actions on the part of Tillman were not a part of the unloading or delivery operation. We can envision a case of assault and battery, which might be within the coverage. Had Grubb been blocking Tillman's way to the latter's display area and in order to get Grubb out of the way, had Tillman forcefully shoved Grubb, or even run his hand truck against Grubb, while Tillman would have been guilty of an assault, it might have been part of the delivery operation and within the coverage. But here, it does not appear, either from the facts alleged in the state court petition or agreed to in the stipulation, that the assault and battery committed by Tillman on Grubb was a part of, essential to, or even incidental to the delivery operation.

Accordingly, we conclude that there was no obligation on the part of the insurer to assume the defense of the state court action.

However, we think the trial court erred in disposing of the question of any ultimate liability on the part of the insurer to pay any sum which Culp is or may become legally obligated to pay as damages, because of the injury suffered by Grubb, since so to do ignores the possibility, even though it may be highly improbable, that a claim may ultimately be established by Grubb against Culp within the coverage of the policy. This court so held, under like circumstances, in Harbin v. Assurance Company of America, 10 Cir., 308 F.2d 748, 750.

Accordingly, the judgment is modified, so as to declare that the insurer is not obligated to assume the defense of the state court action and to declare that the judgment entered herein is not determinative of the question of the insurer's liability under the policy to pay any damages Culp shall become legally obligated to pay for bodily injuries to Grubb, in the event facts shall hereinafter be established bringing Grubb's claim within the coverage of the policy, as to Culp.

As so modified, the judgment is affirmed. No recovery of costs will be allowed to either party.