434 F.2d 55
 OCCIDENTAL FIRE & CASUALTY CO., a corporation, Plaintiff-Appellee,
v.
Mary Corine BARTLEY, Administratrix of the Estate of Lita L. Anaya, Deceased, Defendant-Appellant,
Joe G. Chavira, Administrator of the Estate of Albert J. Chavira, Deceased, Intervening Defendant-Appellant.
 No. 256-69.
 United States Court of Appeals, Tenth Circuit.
 October 13, 1970.
 Rehearing Denied November 18, 1970.
 
 Avelino V. Gutierrez, Albuquerque, N.M. (Smith, Ramson & Deaton, Albuquerque, N.M., on the brief), for appellants.
 William B. Keleher of Keleher & McLeod, Albuquerque, N.M., for appellee.
 Before HICKEY* and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.
 PER CURIAM.
 
 
 1
 Occidental Fire and Casualty Co. commenced this action for a declaratory judgment in the United States District Court for the District of New Mexico. The trial court granted Occidental's motion for summary judgment. The insured and the intervenor appeal.
 
 
 2
 The insurance company sought to have the court determine that there was no coverage under the policy in question for a shooting by the insured's employee which resulted in a death. The company in this action named as defendants the employee, John Sandoval, and the insured. The administrator of the estate of Albert J. Chavira, the decedent, also became a party. It appears that the insurance carrier undertook the defense of the insured in the state court action which was commenced before this suit was brought. There is no issue here presented as to the duty to defend, only the issue of coverage was presented to the trial court.
 
 
 3
 Occidental issued a general liability policy of insurance to the defendant Lita L. Anaya, d/b/a Duke City Security Patrol. The policy contained an exclusion which read as follows:
 
 
 4
 "It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident, whether or not committed by or at the direction of the insured."
 
 
 5
 As indicated above, prior to the filing of this suit for declaratory judgment, Joe G. Chavira, administrator of the estate of Albert J. Chavira, deceased, filed a wrongful death action against Lita L. Anaya, d/b/a Duke City Security Patrol and John Sandoval, Mrs. Anaya's employee, in a state district court in New Mexico. The suit in the state court alleges that John Sandoval, while in the course and scope of his employment, negligently shot and killed Albert J. Chavira. Occidental contends in this suit that there is no coverage under the policy for the death because the actions of John Sandoval constituted an assault and battery.
 
 
 6
 Motions for summary judgment were filed by Occidental, by the insured and by the administrator. The facts upon which the insurance company was granted the summary judgment were contained in the depositions of John Sandoval and two other witnesses to the shooting. The trial court found from these that John Sandoval, a police officer, was at the time of the incident acting as a merchant policeman employed by defendant Anaya. He was assigned to work at a bar dance hall on the night in question. When Sandoval asked a minor to leave the premises, Albert Chavira interfered and Sandoval was severely beaten in the fracas which followed. Sometime thereafter, it was reported to Sandoval that someone was attempting to break into the bar owner's adjoining apartment. When he went to investigate he was struck from behind with a blunt instrument and stabbed. When he got up he saw several people running to a car parked in the tavern parking lot and ran after them. He then recognized Albert Chavira and his companions and told them that they were under arrest. Sandoval reached into the car to grab Chavira or stop the car, but was unable to do so. After another attempt the car moved away and Sandoval fired one shot at the front tire of the car and three shots into the car. Sandoval in the deposition said that he was aiming at the floorboard through the open door. One of the shots struck and killed Chavira.
 
 
 7
 Relying on the decisions of this court in Harbin v. Assurance Company of America, 308 F.2d 748 (10th Cir.) and Culp v. Northwestern Pacific Indemnity Co., 365 F.2d 474 (10th Cir.), the appellants contend that the trial court erred in deciding the question of coverage under the policy. They argue that the coverage question must be determined in the state court proceedings.
 
 
 8
 The appellants contend in addition to the other points that the trial court erred in granting Occidental's motion for summary judgment because there were unresolved material issues of fact. As we noted earlier, the depositions of Sandoval and two other witnesses, which were taken in the state suit, were filed in this action along with a request for an admission as to the genuineness of the documents. The appellants did not raise any question as to the facts contained in the depositions, but they objected to their admission on grounds of materiality.
 
 
 9
 We hold that this appeal must be decided on the summary judgment issue and from a careful examination of the record we conclude that there were not sufficient facts established by the depositions, and material facts were not resolved, to permit the entry of a summary judgment. The depositions are not sufficiently complete to serve as a basis for holding as a matter of law that there could not be presented facts establishing a cause of action against the insured within the policy coverage. Harbin v. Assurance Co. of America, 308 F.2d 748 (10th Cir.); Culp v. Northwestern Pac. Indem. Co., 365 F.2d 474 (10th Cir.). See also Green v. Aetna Ins. Co., 349 F. 2d 919 and 397 F.2d 614 (5th Cir.). We do not hold however that in every instance where the coverage issue is raised in this manner that the facts must first be established in the state court liability action. However, it is necessary that the facts be developed in great detail in order to permit a decision on the coverage issue. We must hold that on this record summary judgment was improper.
 
 
 10
 Reversed.
 
 
 
 Notes:
 
 
 *
 Hickey, Circuit Judge, heard the argument of the case but, by reason of his death, did not participate in the decision