**TEXACO, INC., Plaintiff,**

v.

**HARTFORD ACCIDENT AND INDEMNITY, Defendants.**

No. 77–293–C.

United States District Court,
E. D. Oklahoma.

June 20, 1978.

Knight & Wagner, Tulsa, Okl., for plaintiff.

Michael G. Smith, Ada, Okl., for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

MORRIS, Chief Judge.

This action has been submitted to the court for a determination on motions for summary judgment. Plaintiff filed a written motion on March 1, 1978 and defendant orally moved for summary judgment during the pretrial conference held on March 8, 1978. The parties have filed briefs and exhibits in support of their motions.

Plaintiff seeks a declaratory judgment to the effect that defendant insurer has a duty to defend and indemnify plaintiff in case No. C–77–58, District Court of Pittsburg County, Oklahoma. Plaintiff also seeks its costs and attorneys' fees allegedly incurred on account of defendant's refusal to so defend. Defendant insurer contends that plaintiff is not an insured within the definition of the insurance policy in question and that defendant has accordingly no duty to defend plaintiff in the state court action.

There is an action pending brought by one A. P. Vaughn and his wife, Gladys, in the District Court of Pittsburg County, Oklahoma, case No. C–77–58, against plaintiff Texaco and defendant Hartford's insured, Crowl Oil, Inc., and James L. Crowl. The Vaughns allege in their petition that defendant's insured, acting through its agent, Roy Jameson, delivered gasoline products to the Vaughns' filling station and grocery store premises near Lake Eufaula on May 31, 1976. While gasoline was being unloaded a fire erupted on the premises burning them down and allegedly inflicting personal injury upon A. P. Vaughn. The Vaughns allege that Crowl, Inc. and Crowl individually were agents, servants and representatives and acted within the scope of their employment for Texaco. The Vaughns also allege that Texaco placed the tank for the filling station improperly and was negligent in so placing the tank.

Texaco has at all times denied that any agency relationship existed between it and Crowl. Texaco and Hartford have stipulated in the pretrial order in the instant case that (1) there is no agency between Texaco and Crowl; (2) the gasoline truck owned by Crowl and insured by Hartford was not owned by Texaco and Texaco was not the lessee of that truck; (3) Texaco was not the employee [sic] of Crowl; and (4) Texaco did not locate, place, instruct or direct the placement of the gasoline tank on the Brooks premises, which were Vaughn premises at the time of the fire.

The insurance policy in question contains the following pertinent provisions:

1. Coverage C—Bodily Injury Liability
   Coverage D—Property Damage Liability

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage C bodily injury or

Coverage D property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the schedule, of an owned automobile or of a temporary substitute automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

. . . . .

II. Persons insured

Each of the following is an insured under the insurance to the extent set forth below:

(a) the named insured;

(b) any partner or executive officer thereof, but with respect to a temporary substitute automobile only while such automobile is being used in the business of the named insured;

(c) any other person while using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower;

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above.

Plaintiff claims that it qualifies as an insured under Paragraph II(d) in that it is alleged in the state court petition that the named insured under the policy Crowl through its employee Jameson was negligent and that both were agents of Texaco. In support of its contention plaintiff relies upon the general rule that "the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint or petition in such action, even if they are groundless or false." 44 Am.Jur.2d *Insurance* Par. 1539, at 419 (1969) (footnotes omitted). *See Carter v. Aetna Casualty & Surety Co.,* 473 F.2d 1071, 1075 (8th Cir. 1973); *Boutwell v. Employers' Liability Assurance Corp.,* 175 F.2d 597, 599 (5th Cir. 1949); *Ritter v. United States Fidelity & Guaranty Co.,* 434 F.Supp. 1127, 1130 (W.D.Ark.1977); *Maryland Casualty Co. v. Willsey,* 380 P.2d 254, 258 (Okl. 1963); Annot., 50 A.L.R.2d 458, 465 (1956).

Defendant on the other hand contends that plaintiff does not qualify as an insured under Paragraph II(c)(1) & (2) of the policy dealing specifically with coverage for injury and property damage arising out of the loading and unloading of the insured automobile since it is neither a lessee or borrower of the automobile nor an employee of the named insured or of such lessee or borrower. Defendant further contends that plaintiff could not be exposed to liability on account of acts or omissions of an insured under the policy, since it has been stipulated in this action that there was no agency between Texaco on the one hand and Crowl and Jameson on the other, and without agency there is no basis for imputing Jameson's or Crowl's negligence, if any, to plaintiff.

In this court's view Hartford has no duty to defend Texaco in any event because the stipulations of the parties in this declaratory judgment action establish that there was in fact no agency relationship between Hartford's insured and Texaco and that Texaco had nothing to do whatsoever with the placement of the gasoline tank involved. Hartford is not obligated to defend Texaco because, notwithstanding the general rule that the duty of an insurer to defend an action brought against its insured is to be determined from the allegations of the complaint in such action, it is also a general rule "that the obligation of an insurance company to defend its insured is determined by the actual facts brought to the attention of the company rather than pertinent allegations contained in the complaint or petition of a complainant against the insured which are not true." *American Motorists Insurance Co. v. Southwestern Greyhound Lines, Inc.,* 283 F.2d 648, 649 (10th Cir. 1960); *see Culp v. Northwestern Pacific Indemnity Co.,* 365 F.2d 474, 477 (10th Cir. 1966); *Hardware Mutual Casualty v. Hilderbrandt,* 119 F.2d 291, 299 (10th Cir. 1941); *Southern Underwriters v. Dunn,* 96 F.2d 224, 226 (5th Cir. 1938); *Butler v. Maryland Casualty Co.,* 147 F.Supp. 391, 395 (E.D.La.1956); *Kepner v. Western Fire Insurance Co.,* 109 Ariz. 329, 509 P.2d 222 (1973) (in banc); *United States Fidelity & Guaranty Co. v. Briscoe,* 205 Okl. 618, 239 P.2d 754, 758 (1951); *Granite State Insurance Corp. v. Mountain States Telephone & Telegraph Co.,* 117 Ariz. 432, 573 P.2d 506 (Ct.App.1977); *Travelers Insurance Co. v. Tymkow,* 87 N.J.Super. 107, 208 A.2d 176 (Chancery Div. 1965); *cf. Harbin v. Assurance Company of America,* 308 F.2d 748 (10th Cir. 1962); *Albuquerque Gravel Products Co. v. American Employers Insurance Co.,* 282 F.2d 218, 220 (10th Cir. 1960). *See also* Annot., 50 A.L.R.2d 458, 497 (1956); 44 Am.Jur.2d *Insurance* § 1540 (1969); *but see Allstate Insurance Co. v. Lumbermen's Mutual Casualty Co.,* 204 F.Supp. 83, 91 (D.Conn.1962).

Judge Skelly Wright's reasoning in *Butler* is particularly applicable to the situation presented in the instant action:

It is true that in Louisiana, as elsewhere, the obligation to provide a defense for an assured is determined by the allegations of the petition or complaint, irrespective of the fact that the suit may be entirely groundless. But before that principle applies, it must be shown that the defendant in the personal injury action is in fact an assured, named or omnibus, under the policy. *Obviously, the insurer's obligation is not to provide a defense for a stranger merely because the plaintiff alleges that the strange defendant is an assured or alleges facts which, if true, would make him so.* Conversely, the insurer may not renege on its obligation to provide a defense, even for an omnibus insured, merely because the allegations in the complaint are groundless. For example, where a person is driving the named insured's car with his permission, the permittee is an omnibus assured under the policy and the insurer owes him a defense when sued even though the charge of negligence against him cannot be proved. On the other hand, if permission was not granted for the use of the car, the user thereof is not entitled to a defense under the policy irrespective of proof of negligence. *In short, allegations in the plaintiff's petition cannot create an obligation on the part of the insurer to defend where none previously existed.* Unless Oakley is shown to be an assured under the policy, named or omnibus, no obligation whatever as to him arises, either as a party to the insurance contract or as the beneficiary of a stipulation therein pour autrui.

147 F.Supp. at 395 (emphasis added, footnotes omitted). And, the Supreme Court of Arizona, sitting in banc, has recognized the following three reasons why the determination with respect to an insurer's duty to defend should be based upon the true facts and not upon false allegations in the complaint:

Appellants do not question the language of the policy as excluding business activities from coverage, nor do they question the fact that the power saw was

being used in a business activity within the meaning of the policy. Their position is that an insurer may not refuse to defend against a suit which on the facts pleaded in the complaint would be covered by the policy when other facts, which do not appear in the complaint, would exclude coverage.

The decisions concerning when it is the duty of an insurer to defend have been collated in an extensive annotation in 50 A.L.R.2d 458 (1956), "Allegations in third person's action against insured as determining liability insurer's duty to defend." Concededly, the determination of whether to defend is frequently a difficult decision for the insurer, but as a generality it may be said, as the annotator states:

> "If the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of the liability policy, the insurer is obligated to assume the defense of the action, but if the alleged facts fail to bring the case within the policy coverage, the insurer is free of such obligation." 50 A.L.R.2d at 464 (footnotes omitted).

.    .    .    .    .

Many distinctions have been drawn, some dependent upon the language of the various policies' provisions and some upon the facts of the particular case. The distinction here is that the alleged facts ostensibly bring the case within the policy coverage but other facts which are not reflected in the complaint plainly take the case outside the policy coverage. We hold that in this situation there is no absolute duty to defend for these reasons:

First, under modern practices, such as the Federal Rules of Civil Procedure, followed in Arizona, the complaint serves a notice function and is framed before discovery proceedings crystalize the facts of the case. The trial focuses on the facts as they exist rather than on facts which might exist under the theory of recovery in the complaint. Accordingly, the duty to defend should focus upon the facts rather than upon the allegations of the complaint which may or may not control the ultimate determination of liability. *See, e. g., United States Fidelity & Guar. Co. v. Baugh,* 146 Ind.App. 583, 257 N.E.2d 699 (1970).

Second, there are many cases, such as here, where the allegation of facts in the complaint, even if proved, will not be decisive as to the obligation of the insurer to pay the resulting judgment. The proof of negligence proximately causing Walter Kepner's injuries justifies a judgment favorable to him, but the fact that the insureds' policy excludes coverage is irrelevant and could not be shown at the trial. As the Supreme Court of Iowa said in the recent case of *New Hampshire Ins. Co. v. Christy,* Iowa, 200 N.W.2d 834, 838 (1972):

> "The allegations in a pleading are not, in all circumstances and situations, the decisive factor in determining whether there exists a duty on the part of the insurance company to defend. This is especially true when the duty to defend depends upon a factual issue which will not be resolved by the trial of the third party's suit against the insured, the duty to defend may depend upon the actual facts and not upon the allegations in the pleading."

In the instant case, the trial of the negligence action did not resolve the factual issue of whether the accident fell within the exclusionary clause of the policy; further litigation was required to fix the responsibility for payment of the judgment and would have been required even if the insurer had undertaken the defense.

Third, it is to be recognized there are cases where, if on the facts the insurer has reason to believe the policy does not cover the insured, the interests of the insured and insurer may diverge. Several recent cases recognize that the insurer should not then control the defense. *Glens Falls Ins. Co. v. American Oil Co.,* 254 Md. 120, 254 A.2d 658 (1969); *Burd v. Sussex Mutual Ins. Co.,* 56 N.J. 383, 267 A.2d 7 (1970).

In *Glens Falls Ins. Co. v. American Oil Co.,* the court said:

"To require the insurer to defend, under the circumstances of the present case, would put both the insurer and the insured in the untenable position of attempting to cooperate in the conduct of the litigation when their interests were, in fact, adverse." 254 Md. at 135, 254 A.2d at 666.

In *Burd v. Sussex Mutual Ins. Co.,* the court said:

"There may be cases in which the interests of the carrier and the insured coincide so that the carrier can defend such an action with complete devotion to the insured's interest. But if the trial will leave the question of coverage unresolved so that the insured may later be called upon to pay, or if the case may be so defended by a carrier as to prejudice the insured thereafter upon the issue of coverage, the carrier should not be permitted to control the defense. That was the situation in the case at hand." 56 N.J. at 389, 267 A.2d at 10.

Where there are facts which might exclude coverage, the insurer cannot always defend with complete fidelity. There must be a proceeding at which the insurer and the insured are each represented by counsel of their own choice to fight out their differences. Such a testing of the insurer's liability may take the form of a declaratory judgment brought in advance of the third party's action or proceedings on garnishment following the trial of the third party's action as in the instant case. *Burd v. Sussex Mutual Ins. Co., supra.* And *see,* Comment, "The Insurer's Duty to Defend under a Liability Insurance Policy," 114 U.Pa.L.Rev. 734 (1966). If the insurer refuses to defend and awaits the determination of its obligation in a subsequent proceeding, it acts at its peril, and if it guesses wrong it must bear the consequences of its breach of contract. *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 328 P.2d 198 (1958); *Grieb v. Citizens Casualty Co.,* 33 Wis.2d 552, 558, 148 N.W.2d 103, 106 (1967).

*Kepner v. Western Fire Insurance Co.,* 109 Ariz. 329, 509 P.2d 222, 223–25 (1973) (en banc).

The Oklahoma Supreme Court and the Tenth Circuit in construing Oklahoma law have recognized the rule that the duty to defend is determined by the actual facts, at least in the situation where the facts known to the insurer show coverage while the allegations in the complaint fail to show coverage under the insurance policy involved. *See American Motorists Insurance Co. v. Southwestern Greyhound Lines, Inc.,* 283 F.2d 648, 659 (10th Cir. 1960); *Hardware Mutual Casualty v. Hilderbrandt,* 119 F.2d 291, 299 (10th Cir. 1941); *United States Fidelity & Guaranty Co. v. Briscoe,* 205 Okl. 618, 239 P.2d 754, 758 (1951). *See also Culp v. Northwestern Pacific Indemnity Co.,* 365 F.2d 474, 477 (10th Cir. 1966); *Harbin v. Assurance Company of America,* 308 F.2d 748 (10th Cir. 1962); *Albuquerque Gravel Products Co. v. American Employers Insurance Co.,* 282 F.2d 218, 220 (10th Cir. 1960).

While the Oklahoma Supreme Court distinguished *Briscoe* in *Maryland Casualty Co. v. Willsey,* 380 P.2d 254, 258 (Okl.1963) and held that the insurer in *Willsey* had a duty to defend on the basis of the allegations in a cross-complaint, the *Willsey* case did not involve a situation where undisputed facts before the court ruling on the duty to defend issue established the falsity of the allegations contained in the pleading of the third party against the insured. Nor was there any question in *Willsey* but that the defendant was the insured under the policy in question. *Willsey* only involved the question whether the allegations in the cross-complaint were sufficient to show coverage under the insurance policy and thus charge the insurer with the duty to defend. By contrast, the stipulations in the instant case show that the relevant allegations in the state court petition are false and that Texaco is a complete stranger with respect to any negligent acts on the part of Hartford's insured. As one commentator has observed,

the test to be imposed is one of reason, in all events—that is, whether the defense

sought is for a coverage which the insured desired to purchase and for which he paid premiums, and the ultimate determination should be one which is fair to all contracting parties.

7A J. Appleman, *Insurance Law and Practice* § 4684, at 453 (1962). "Obviously, the insurer's obligation is not to provide a defense for a stranger merely because the [third-party] alleges that the strange defendant is an assured or alleges facts which, if true, would make him so." *Butler v. Maryland Casualty Co.,* 147 F.Supp. 391, 395 (E.D.La.1956). In light of the stipulations in the case at bar, the court is of the view that the rationale of *Southern Underwriters v. Dunn,* 96 F.2d 224 (5th Cir. 1938) and *Travelers Insurance Co. v. Tymkow,* 87 N.J. Super. 107, 208 A.2d 176 (Chancery Div. 1965) applies here. The *Tymkow* court stated:

> However, this court is of the opinion that the instant case is on all fours with the *Southern Underwriters* case and that the decision in that case should be the decision here.
>
> The suit in *Southern Underwriters* was for a declaratory judgment upon the claim that
>
>> " * * * because the policy obligated [insurer] 'to defend in assured's name and on his behalf any suit against him seeking damages on account of injury or damage by reason of the ownership, maintenance or use of the insured automobile, even if such suit is groundless, false or fraudulent,' and there were allegations in the suits, that Dunn and Stanolind Pipe Line Company were either using the automobile or legally responsible for the use thereof, though these allegations were in this suit admitted to be wholly groundless in fact, it was the duty of appellant, under the policy, to defend those suits as to Dunn and Stanolind." (96 F.2d, at p. 225)
>
> The defense to this claim was directed at the very point which most troubles this court.
>
>> " * * * the claim made in this suit, if sustained, would rewrite the policy,

to require the insurer to defend any person whom any one might elect to sue in connection with an accident involving the truck described in the policy, though the person sued was not the 'named assured,' and was not, in fact, using or legally responsible for the use of the truck, if only the plaintiff in that suit should allege that the defendant in the suit was either using or legally responsible for the use of the truck." (at p. 225)

The insurance carrier of plaintiff in the declaratory judgment suit in that case was, oddly enough, plaintiff in the instant case. They now contend that what was decided 27 years ago, on almost identical facts, should not be the decision today.

It was agreed to in a stipulation, in the *Southern Underwriters* case, that the named insured was acting as an independent contractor at the time of the accident and was not in any way connected with Dunn or Stanolind except that his personally owned truck was loaded with their oil well pipe and casing. In the face of these admissions plaintiffs nevertheless contended that they were owed a defense. The district judge agreed, but the Fifth Circuit reversed and remanded, saying:

> "We agree with appellant that this will not do. The case before us is not a suit brought on judgments obtained in the Oklahoma suits against Dunn and Stanolind determining that Dunn and Stanolind were using, or legally responsible for the use of, the truck, and were therefore covered by the policy. It is not a suit upon allegations and proof that Dunn and Stanolind are 'other assureds' to obtain a declaratory judgment that they are, and that appellant must therefore defend and indemnify them. It is a suit for a declaratory judgment as to the rights of plaintiffs and the duty of defendant under the policy contract, to be determined not upon the allegations in the Oklahoma suits, but upon the facts stipulated in this one. *Whether Dunn and Stanolind*

are 'other assureds' under appellant's policy, to be defended and indemnified as such in the Oklahoma suits, is not to be determined here by either the allegations in or the hypothetical results of those suits. They are without bearing upon the duties and liability of appellant under the invoked policy. These depend alone, they are to be determined alone, by the facts stipulated and admitted here. Upon these facts, and upon the solemn judicial admissions of the plaintiffs, Dunn and Stanolind are not 'assureds' under the policy; they are not named in it as such; they are not 'other assureds' as 'using or employing the truck, or being legally responsible for its use.' The declaration that appellant must defend the suits on behalf of Dunn and Stanolind, and must, upon the hypothesis and in the contingency named in the declaration, pay any judgment rendered against them, cannot stand. There should, under the stipulations and admissions, have been a contrary declaration." (at pp. 226–227)

There were no stipulations in the instant case, but this court does have before it the uncontroverted testimony of the Tymkows, plaintiffs' statements in the pretrial order, and the wording of the brief and affidavit used in the motion in the federal court. In the face of this, the decision in this case must be the same as that in the *Southern Underwriters* case, i. e., on the basis of the facts and contentions before this court, we can only decide that Nationwide owes Travelers neither the duty to defend nor indemnify. This court does not now determine what its decision would be if plaintiff Kowalsky contended in this action that he was responsible for the vehicle at the time of the accident but that the facts presented indicated the contrary. Instead, the present decision is limited to its precise facts, *and this court now determines that there is no duty to defend where only the complaint of the injured third party sets up responsibility and this responsibility is refuted by all other parties in interest,* and by the facts and contentions before the court.

208 A.2d at 181–82 (emphasis added).

In accordance with the foregoing authorities summary judgment is granted in favor of the defendant and against the plaintiff and the court hereby declares that the defendant Hartford has no duty to defend plaintiff Texaco in the state court action. Plaintiff's motion for summary judgment is denied. The court's determination on these summary judgment motions is only dispositive of the question of defendant's duty to defend and does not involve any determination whatsoever, of any liability of defendant under its policy to Texaco, or whether defendant would be required to indemnify Texaco if there should be a jury verdict against Texaco in state court.

ORDERED this 20th day of June, 1978.